UNITED STATES v. ASSOCIATED BILL POSTERS et al.

(District Court, N. D. Illinois, E. D.   March 14, 1916.)

No. 30887.

MONOPOLIES ⬅⬤➔12(2)—WHAT CONSTITUTES—SHERMAN ACT.

Where, by an association of bill posters, who refused to accept advertising from persons patronizing competitors, competition was practically stifled and a monopoly established, such monopoly is in violation of the Sherman Act, though the monopoly produced a general improvement in the bill-posting business.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 10; Dec. Dig. ⬅⬤➔12(2).]

In Equity.   Bill by the United States against the Associated Bill Posters and others.   Decree for complainants.

⬅⬤➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles F. Clyne, of Chicago, Ill., George W. Wickersham, of New York City, J. A. Fowler, of Washington, D. C., and Stanley D. Montgomery, of New York City, for the United States.

Russell Whitman, Davis & Rankin, and Ringer, Wilhartz & Louer, all of Chicago, Ill., Alexander, Cohn & Sondheim, of New York City, Wm. H. Leahy, of Pittsburgh, Pa., and Wilson, Moore & McIlvaine, Harris Carman Lutkin, Goss & Rooney, and Chytraus, Healy. & Frost, all of Chicago, Ill., for defendants.

LANDIS, District Judge. The defendant organization is composed of bill posters owning billboards in several thousand of the most desirable cities and towns throughout the United States. The object of the organization is to control the business of national poster advertising throughout the country, and to limit the display of national posters at prices fixed by the organization to the boards of members of the organization, there being but one member in each city or town.

To accomplish this, the members agreed to post and display on their boards the posters of only such advertisers as limit their patronage to members of this organization, and to refuse to post, and to exclude from their boards, the posters of such advertisers as should patronize the boards of a competing bill poster or nonorganization member in any locality where there are billboards of members of the organization.

As a means to this end the business of soliciting the poster advertising of national advertisers was, by agreement of the members, limited to seven or eight designated persons and corporations, called "official solicitors," such solicitors paying an annual fee to the organization. To secure to these solicitors a monopoly of the business of soliciting advertisements, it was agreed that the members should pay these solicitors as their compensation 16⅔ per cent. of all moneys received by such members from advertisers for posting their advertisements, and that the member would pay no compensation for soliciting advertiser's business to any advertising solicitor who was not an official solicitor.

To secure obedience to the organization plan by members and official solicitors and advertisers, it was agreed that penalties should be inflicted upon such members, official solicitors, and advertisers as failed to observe and adhere to the plan. The result is that the members of this organization now have a practical control of the posting of national advertising in the several thousand cities and towns throughout the United States where boards of such members are located, and that such national advertising in those localities is practically excluded from independent boards.

Evidence was presented by the defendants of a general improvement in, and development of, the whole bill-posting business during the existence of the organization and its predecessor. But, granting to this evidence all that defendants claim for it, the court is of the opinion that the decree must go to the complainant, for the reason that the whole spirit and policy of our law is opposed to agreements among persons and corporations designated to exclude other persons from

legitimate commerce. The Sherman Law was expressly conceived and enacted to this end.

The rule of "reasonable restraint" has no application here, for the reason that this is not a case of mere restraint, but of total exclusion. Even perfection in any line of business is not to be thus procured.