## CHARLES A. RAMSAY CO. v. ASSOCIATED BILL POSTERS OF THE UNITED STATES AND CANADA et al.

## WILLIAM H. RANKIN CO. v. SAME.

(Circuit Court of Appeals, Second Circuit. December 23, 1921.)

Nos. 97, 98.

1. Evidence ⊜⇒5(2)—Billboard advertising is matter of common knowledge.

It is a matter of common knowledge that for some years manufacturers, theatrical companies, and others are in the habit of advertising their wares and attractions by means of posters on billboards throughout the country.

2. Monopolies ⊜⇒28—Allegations of refusal to deal with lithographers held not to avail plaintiffs, who were not lithographers.

In an action for treble damages under the Sherman Act (Comp. St. §§ 8820–8823, 8827–8830), allegations that defendant, an association of bill

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

posters, refused to deal with lithographers furnishing posters to other than members of the association, if meaning anything more than that the members of the association would post bills only for advertisers sending their bills through its licensed solicitors, did not avail plaintiffs, who were solicitors of advertising, and not lithographers.

3. **Monopolies ☞28—Persons injured by illegal combination entitled to damages, though not engaged in interstate commerce.**
Persons injured by a combination which is illegal under the Sherman Act (Comp. St. §§ 8820–8823, 8827–8830) may maintain actions for treble damages thereunder, though not themselves engaged in interstate commerce.

4. **Commerce ☞16—Posting of bills on billboards held not to directly affect interstate commerce, so as to come within statute.**
Assuming that the business of advertising solicitors in sending their customers' advertisements to be posted on billboards in various towns and cities throughout the country is, as between them and their customers, interstate commerce, after the posters arrive at destination, the posting of them by bill posters is a purely local service, only incidentally affecting interstate commerce, and rules of an association of bill posters, prohibiting its members from accepting work from solicitors not licensed by the association, regulating prices for bill posting and prohibiting licensed solicitors from employing other bill posters, do not violate Sherman Act (Comp. St. §§ 8820–8823, 8827–8830).

5. **Monopolies ☞28—When object of former suit or nature of decree not stated, court will reach its own conclusion.**
Under Clayton Act, § 5 (Comp. St. § 8835e), providing that a final judgment or decree in any criminal prosecution or suit in equity under the anti-trust laws shall be prima facie evidence against the defendant in any suit or proceeding by any other party, where the object of a former suit, in which it was held that defendants were engaged in an illegal conspiracy, combination, and monopoly, etc., is not stated, nor the nature of the decree entered, the court will reach its own conclusion as to defendant's violation of the statute.

6. **Monopolies ☞28—Complaint against association of bill posters held not to allege combination unlawful at common law.**
The complaint in an action by solicitors of advertising against an association of bill posters, alleging that the rules of the association prohibited members from accepting advertising for posting on billboards from solicitors other than those licensed by the association, and regulated prices for bill posting, and prohibited licensed solicitors from employing bill posters not members of the association, did not allege a combination which would be unlawful at common law.

In Error to the District Court of the United States for the Southern District of New York.

Actions by the Charles A. Ramsay Company and by the William H. Rankin Company against the Associated Bill Posters of the United States and Canada and others. Judgments dismissing the complaints, and plaintiffs bring error. Affirmed.

John B. Johnston, of New York City (Thomas G. Haight, of Jersey City, N. J., of counsel), for plaintiffs in error.

Greene & Hurd, of New York City (Richard T. Greene and Daniel S. Murphy, both of New York City, of counsel), for defendant in error Associated Bill Posters and others.

Brower, Brower & Brower, of Brooklyn, N. Y., for defendants in error Fulton and others.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WARD, ROGERS and HOUGH, Circuit Judges.

WARD, Circuit Judge. These are writs of error to judgments dismissing the complaints on the pleadings in two actions heard together in this court. The plaintiffs seek to recover treble damages against the defendants on the ground that they have caused the plaintiffs loss of profits in their business as the result of an unlawful combination to restrain interstate commerce and create a monopoly in violation of the Act of July 2, 1890, known as the Sherman Act (Comp. St. §§ 8820–8823, 8827–8830). They describe themselves as in the advertising business, but not as lithographers.

[1] It is common knowledge that for some years past manufacturers, theatrical companies, and others are in the habit of advertising their wares and attractions by means of posters on billboards throughout the country. This has produced the business of solicitors of advertising, who print the bills in case of solicitors who are also lithographers, or buy them for their advertising customers, or get them from their customers, but in each case contract to have them posted on billboards where desired throughout the country; and this has produced the business of persons who actually do the posting on the billboards, known as bill posters.

The defendant Associated Bill Posters of the United States and Canada, a corporation of the state of New York, does no business itself, but is composed of members who are engaged in the business of bill posters, only one being admitted to membership in each town or city. The other defendants are solicitors of advertising.

The rules of the association defendant prohibit its members from accepting from any advertising solicitor, other than one licensed by the association, national work; i. e., bill posting in a different town or city in the same state from that in which the advertiser resides, or in any town or city in a different state. The rules also regulate the prices for bill posting in various places and prohibit the licensed solicitors from employing any bill poster not a member of the association in any town or city where there is one.

[2] It is also alleged that the association has prevented manufacturers of certain posters—that is, lithographers—from furnishing them to customers other than members of the association, by the refusal of such members to deal with them if they do so. This is another way of saying that the members of the association will post bills only for such advertisers as send their bills through its licensed solicitors. Even if it means more than this, it does not avail the plaintiffs, because they are not lithographers, and cannot sustain injury thereby. It will be seen from the foregoing that there is no combination between the advertisers, and that competition in their business is quite unrestrained.

[3] The plaintiffs had been licensed as solicitors by the association, but their licenses were canceled in 1911, as the result of which their profits have been greatly diminished. If the combination is an illegal one under the Sherman Act, the plaintiffs have a right to maintain the actions, even though they are not themselves engaged in interstate

commerce. United Copper Securities Co. v. Amalgamated Copper Co., 232 Fed. 577, 146 C. C. A. 532.

The defendants demurred to the complaints on the ground that they did not state facts sufficient to constitute a cause of action, and moved for judgments on the pleadings, which motion Judge Knox granted.

[4] The business of the solicitors is to send their customers' advertisements to be posted on billboards in various towns and cities throughout the country. Assuming that this business is, as between them and their customers, interstate commerce, we are clear that, after the posters have arrived at destination, the posting of them by the bill posters is a purely local service, not directly affecting, but merely incidental to, interstate commerce. We think this follows from the decision of the Supreme Court in Hopkins v. United States, 171 U. S. 578, 19 Sup. Ct. 40, 43 L. Ed. 290. That case arose out of shipments of cattle from other states to the Kansas City stockyards for sale there. The defendant was a voluntary association, called the Kansas City Live Stock Exchange, composed of commission merchants who cared for and sold cattle, consigned to them by their principals, upon commission. The association did no business itself, but regulated the manner in which its members should do their business. It fixed the commissions to be charged, and prohibited its members from negotiating with any one in the stockyards, either as principal or as commission merchant, not a member of the Exchange, and from transacting business with any person violating any rule of the Exchange, or with an expelled or suspended member after notice issued by the secretary. The same charges of illegal restraint and monopoly, with the same result, were had as are made in this case.

The Supreme Court held that the business of the members of the Exchange was not interstate commerce, that the association affected interstate commerce not directly, but incidentally, and accordingly that it was not within the prohibition of the Sherman Act. We think it follows from this decision that the regulations of the association defendant in this case, both as they affect their own members and also the advertising solicitors licensed by it, is not interstate commerce, and therefore not obnoxious to the act.

[5] The complaint alleges that in an equity suit brought by the United States against these defendants in the District Court for the Northern District of Illinois it was held that they were engaged in an illegal conspiracy, combination, and monopoly in attempting to monopolize interstate commerce. The object of that suit is not stated, nor the nature of the decree entered. The opinion of the District Judge is reported in 235 Fed. 540.

Under section 5 of the Clayton Act (chapter 323, Laws 1914, 38 Stat. 731 [Comp. St. § 8835e]) this decree, if final, constitutes prima facie evidence against the defendants in this case "as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto." We do not know as to what matters the parties in that cause are estopped by the judgment, and as in any event it is to be only prima facie evidence, we may with great deference to

it come to our own conclusion of law upon the facts admitted by the demurrers in these cases.

[6] There is an intimation in the complaint of jurisdiction because of a diversity of citizenship between the plaintiffs and nearly all the defendants, even if there be no jurisdiction under the Sherman Act. But no combination is alleged which would be unlawful at common law. The judgments are affirmed.

☜═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Index