UNITED COPPER SECURITIES CO. v. AMALGAMATED COPPER CO. et al.

(Circuit Court of Appeals, Second Circuit. April 11, 1916.)

No. 120.

1. APPEAL AND ERROR ⬳870(5)—REVIEW—DECISIONS REVIEWABLE.

As there can be no writ of error until after final judgment, and as orders sustaining demurrers to the complaint, which necessitated plaintiff's pleading anew, are a part of the record, such orders will be reviewed on writ of error, after judgment dismissing the complaint.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3496, 3506–3508; Dec. Dig. ⬳870(5).]

2. EXECUTORS AND ADMINISTRATORS ⬳444(1)—COMPLAINT—SUFFICIENCY.

Where it was sought to hold executors liable for the acts of their decedents, the complaint is not objectionable, because charging them in their representative capacity.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1813, 1814, 1837–1841; Dec. Dig. ⬳444(1).]

3. MONOPOLIES ⬳28—COMPLAINT—SUFFICIENCY.

In an action under Sherman Act July 2, 1890, c. 647, § 7, 26 Stat. 210 (Comp. St. 1913, § 8829), for treble damages for a conspiracy in restraint of trade between defendants' testators and others, the dates of the death of the decedents, as well as of the accomplishment of the conspiracy, should be pleaded.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. ⬳28.]

4. MONOPOLIES ⬳28—ACTIONS—PLEADING.

In an action under Sherman Act, § 7, for damages resulting to individuals from a conspiracy to injure them and also certain corporations in which they were stockholders, allegations as to the conspiracy against the corporations are proper, although the individuals could not recover for the corporate injury.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. ⬳28.]

5. MONOPOLIES ⬳28—ACTIONS—DEFENSES.

In an action under Sherman Act, § 7, for injuries resulting from a conspiracy to perfect a monopoly, it is immaterial that the person injured

---

was not engaged in interstate commerce; it being sufficient if such person was directly affected.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. ☞28.]

6. STATUTES ☞222—FEDERAL STATUTES—CONSTRUCTION.

Where there is no statutory provision to guide it, a federal statute must be construed with reference to the common law existing prior to the Declaration of Independence; there being no federal common law.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 301; Dec. Dig. ☞222.]

7. ASSIGNMENTS ☞26—ACTIONS ASSIGNABLE—MONOPOLIES.

A right of action for property injuries, based on a violation of the Sherman Act and brought under section 7, is assignable; the action being a civil action, which could be assigned at common law.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 48–52; Dec. Dig. ☞26.]

8. ABATEMENT AND REVIVAL ☞57—SURVIVOR OF ACTIONS—MONOPOLIES.

Where recovery for the results of a monopolistic conspiracy is sought under Sherman Act, § 7, the action will survive against the estate of decedent, in case he secured some benefit at the expense of plaintiff.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 286–293; Dec. Dig. ☞57.]

Learned Hand, District Judge, dissenting in part.

In Error to the District Court of the United States for the Southern District of New York.

Action by the United Copper Securities Company against the Amalgamated Copper Company and others. The complaint was ordered dismissed, and plaintiff brings error. Reversed and remanded.

F. E. M. Bullowa, of New York City, for plaintiff in error.

Louis Marshall, of New York City, for defendant in error Adolph Lewisohn.

Shearman & Sterling, of New York City (John A. Garver, of New York City, of counsel), for defendants in error Amalgamated Copper Co. and others.

Hoadly, Lauterbach & Johnson, of New York City (Edward Lauterbach, Alfred H. Townley, and Henry Siegrist, all of New York City, of counsel), for defendants in error Frederick Lewisohn and others.

Before COXE and WARD, Circuit Judges, and LEARNED HAND, District Judge.

WARD, Circuit Judge. This is a writ of error to a judgment dismissing the complaint in an action to recover treble damages under section 7 of the Sherman Act. Owing to orders made from time to time sustaining objections to the successive complaints, the one dismissed, the third amended complaint, was the fourth in number served.

[1] As the plaintiff was compelled to plead in accordance with these orders, from which there can be no writ or error in the federal court until after final judgment, and as they are a part of the record brought up by the writ of error, we must consider the assignments of error made in respect to them.

[2] The complaint charged a conspiracy entered into by certain decedents in their lifetime and by their executors after their death. The court by order of February 14, 1914, directed the words charging the executors to be stricken out, wherever they occurred. This was right, so far as the charge against them was for their own acts, but not so far as it was attempted to hold the estate of their testators liable. The pleader should have charged the executors officially for the acts of their testators and individually for their own acts.

[3] The same order required the plaintiff to state the dates of death of the decedents and the date of the accomplishment of the conspiracy or conspiracies charged and of the incorporation of the defendant the Amalgamated Copper Company. We think that the defendants were entitled to these particulars.

[4] By order of the same date the court directed allegations to be stricken out of the complaint as to the value of the stock of the United Copper Company and to the effect that there was an interstate traffic in the securities of copper companies, especially of the copper companies in which the defendants and the assignors of the plaintiff were respectively interested, and that in some of them the plaintiff's assignors had controlling interests, whose value depended upon unrestricted competition. We know of no such business as interstate traffic in copper securities, and think that any injury done was an injury to the corporations, to be asserted by them. Nevertheless we think the allegation of a conspiracy to destroy certain copper companies, for instance, the United Copper Company and the Montana Ore Purchasing Company, was properly pleaded as proof of the conspiracy whereby the plaintiff's assignors were injured, notwithstanding that they were interested as stockholders of the companies and could not recover damages for corporate injuries.

The court also ordered allegations to be stricken out to the effect that the defendants had attempted to bribe and then subsequently threatened a judge, and had caused the works of one of the copper companies in which the plaintiff's assignors were interested to be set on fire and the water supply intended to protect it to be cut off. These allegations were certainly relevant to the charge of a conspiracy, and, if the plaintiff expected to prove such facts at the trial, it was very proper in it to give notice of them. We do not, however, understand that the court intended that the allegations should be entirely stricken out, but only that they should be made against such of the defendants as the plaintiff intended to charge. There seems to us no error in this.

By order of May 18, 1914, the allegation that the plaintiff had acquired the cause of action of Arthur P. Heinze as trustee of certain securities was properly stricken out, because such a cause of action, if any, was a corporate one. The other particulars which the court required the plaintiff to state we think were properly ordered.

We think the order of July 30, resettled September 17, 1914, was proper.

[5] The foregoing, we think, will sufficiently indicate what amendments the plaintiff may make to its present complaint, if it apply for leave to do so to the court below. The judge of the District Court, on

defendant's motion, struck out the third amended complaint, apparently on the ground that plaintiff's assignors were not engaged in interstate commerce, and also that plaintiff's theories as to its cause of action might be tested in this court before trial. There is nothing in the Sherman Act confining the right to recover under section 7 to persons engaged in interstate commerce, or whose business or property injured is interstate commerce. If there were a doubt on the subject, it would be instantly laid by the case of Chattanooga Foundry & Pipe Works v. Atlanta, 203 U. S. 396.[1] The person injured must be engaged in a business directly, or at least not remotely, affected by the conspiracy complained of. One who had rented offices to corporations absorbed by an illegal combination could not recover for losing them as tenants, nor a lawyer regularly retained for losing them as clients. But here the pleader set up that the defendants, as a part of their conspiracy to monopolize the copper market, intended and designed to destroy the business, financial standing, and credit of the plaintiff's assignors, who were alleged to be engaged in organizing, promoting, and financing companies for mining, dealing in, and shipping copper; some of them being the very corporations which the defendants conspired to acquire. We have no doubt that a good cause of action is stated in the complaint.

[6-8] The serious questions are: First, was the cause of action assignable, so that this plaintiff may maintain the suit? and, second, did it survive as against the estates of deceased persons? There being no federal common law distinct from the common law of the states (Smith v. Alabama, 124 U. S. 478, 8 Sup. Ct. 564, 31 L. Ed. 508), a federal court, in construing a federal statute such as that before us, where there is no statutory provision to guide it, must refer to the common law existing at the time of the Declaration of Independence. This was done on a question of evidence in Moore v. U. S., 91 U. S. 271, 23 L. Ed. 346. And in Schreiber v. Sharpless, 110 U. S. 76, 3 Sup. Ct. 423, 28 L. Ed. 65, a suit to recover penalties for infringement of copyright, the plaintiff sought to bring in the executors of the defendant, who had died pending the suit. The subject was regulated by a federal statute, section 955, Rev. St. U. S. (Comp. St. 1913, § 1592), providing that the representatives of plaintiffs or defendants who have died before final judgment may be brought in as parties when the cause of action survives at law. No federal statute defining what actions should survive, the question was to what law must the court resort? It referred at once to the common law, and finding that under it actions for penalties did not survive, held they did not survive under the copyright law. There can, of course, be no pretense that section 7 of the Sherman Act provides a penalty. It awards civil damages, which are made exemplary by virtue of being trebled.

It must be admitted that at common law the maxim "Actio personalis moritur cum persona" was literally enforced. It was first limited by the remedial statute of 4 Edward III, c. 7, de bonis asportatis in vita testatoris, which gave executors the same right of action for trespasses to his personal estate that the decedent had. Sergeant Williams wrote a valuable note on the case of Wheatley v. Lane, 1 Saunders, 216(a). He said, following Emerson v. Emerson, 1 Ventris, 187, that though

232 F.—37          [1] 27 Sup. Ct. 65, 51 L. Ed. 241.

the word used in the statute was "trespasses" it had been "expounded largely" and extended to other cases within the equity—that is, the meaning and intent—of the statute. An instance is Rutland v. Rutland, Croke's Reports (Elizabeth) 377, in which it was held that executors could maintain trover under the statute, and in Williams v. Carey, 4 Modern Reports, 403, an executor's action against a sheriff for a false return was held to be for an injury to his decedent's personal estate within the equity of the statute. This broad construction was recognized in Twycross v. Grant, 4 C. P. D. 40, and Hatchard v. Mege, 18 Q. B. D. 771. The injury complained of is to the estate of the plaintiff's assignors and not to them personally. Our examination of the common law justifies us in finding that this cause of action is assignable.

We come to this conclusion willingly, because it would seem to be most inequitable that the representatives of an individual or of a corporation whose business has been wrongfully destroyed shall be denied all remedy because of the death or corporate dissolution of the party they represent.

The second question is more doubtful, but it was held in U. S. v. Daniel, 6 How. 11, 12 L. Ed. 323, an action against the executors of a sheriff for a false return, that such a cause of action, being ex delicto, would not survive against executors, unless the decedent secured some benefit at the expense of the sufferer. This exception will be a matter of proof, and is not a reason for striking the executors out as parties.

The judgment is reversed.

LEARNED HAND, District Judge. I concur except that I think we should not review the earlier orders. Such orders as those making pleadings more definite and certain, or numbering the causes of action separately, or granting bill of particulars, should under no circumstances come before this court; they do not involve any final decision on substantial rights and should be within the power of the court which prepares the cause for trial. An order striking out an allegation from a pleading may, however, go to the merits of the case, and in such a case should be reviewable. If, for example, in the case at bar, the third amended complaint had been sufficient, but only because of some allegation struck out in one of the prior orders, the correctness of so much of that order should be raised. However, the third amended complaint was sufficient as it stood, and it is not necessary to consider whether any allegations struck out earlier were material or not. If any of those allegations were erroneously stricken out, the plaintiff may still offer the proof on the trial, and take an exception to its exclusion. Such an exception will raise not only the technical validity of the order, but, what is much more important, whether the proof excluded was of enough consequence to affect the result; the question will come up like any other exception to the exclusion of evidence. As the case now comes up the orders striking out the allegations are moot, and should not be decided. The question whether by accepting the privilege of amendment conferred by the orders striking out, the plaintiff waived any rights to appeal, was not urged upon the argument; it should not be decided, in my judgment.