## SILVERSTEIN v. LOCAL NO. 280 OF JOURNEYMEN TAILORS' UNION OF AMERICA et al.

(Circuit Court of Appeals, Eighth Circuit.  October 19, 1922.  Rehearing Denied January 8, 1923.)

### No. 6068.

Monopolies ⬯⟶24(2)—Evidence held to support finding that acts of labor union did not interfere with interstate commerce, within Sherman Anti-Trust Act.

Evidence that plaintiff's business was to finish men's clothes for merchant tailors, that he was receiving only a few shipments from without the state, and that the acts of a labor union prevented acceptance of some orders from without the state, in the absence of proof that these acts were done to prevent interstate commerce, or that they necessarily had such a direct substantial effect, or that the members of the union had knowledge that plaintiff received shipments from without the state, held to authorize a finding that there was no interference with interstate commerce, within the Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830).

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit in equity by Jacob W. Silverstein against Local No. 280 of the Journeymen Tailors' Union of America and others.  From an order denying a temporary injunction, complainant appeals.  Order affirmed.

H. C. Whitehill, of St. Louis, Mo. (Greensfelder & Levi, of St. Louis, Mo., on the brief), for appellant.

James T. Roberts, of St. Louis, Mo. (H. B. Cox and Foristel & Eagleton, all of St. Louis, Mo., on the brief), for appellees.

Before CARLAND, Circuit Judge, and TRIEBER and MUNGER, District Judges.

TRIEBER, District Judge.  This is an appeal under section 129 of the Judicial Code (Comp. St. § 1121) from an order denying a temporary injunction asked by appellant, plaintiff in the court below.

As there is no diversity of citizenship alleged, the jurisdiction of the court can only be maintained from the allegations in the complaint, upon the ground that the appellees, defendants in the court below, in violation of the Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830), unlawfully interfered with appellant's business, and that he was engaged in interstate commerce.  The learned trial judge found from the evidence that appellant was not engaged in interstate commerce, and the acts of appellees did not constitute an interference with such commerce, therefore the court was without jurisdiction.  From this denial this appeal is prosecuted.

The facts, as established by the evidence are that, the defendant, the Tailors' Union is an unincorporated society of journeyman tailors, a union labor organization, located in the city of St. Louis, state of Missouri, and the other defendants are officers and members of that society; that the appellant operates in the said city of St. Louis a tailor shop for finishing clothes for merchant tailors; that for over a year he had conducted this business as a corporation, which was dissolved

in July, 1921. His business, it is claimed is pattern making, trimming, and finishing men's clothes for merchant tailors, who send their unfinished clothing to his shop, to be finished, and when finished they are returned by him to the merchant tailors from whom they were received.

After the dissolution of the corporation, appellant left the city of St. Louis, and a few months thereafter returned and again engaged in that business, but as an individual. He now employs in his establishment about 50 men and women, but with the exception of some few shipments to him from a tailor in the city of Little Rock, in the state of Arkansas, all the manufacturing by him was for tailors located in the city of St. Louis. He further alleges, and there was evidence to that effect, that a number of the old customers of his former corporation, located in states other than the state of Missouri, have offered to send him goods to be finished by him in his establishment; but he was unable to accept these offers, owing to the unlawful acts of the defendants. The allegations as to appellees' unlawful acts are those usually charged to be committed in times of strikes, and need not be set out herein.

The evidence fails to justify a finding that the acts of the appellees were done with the intent to restrain interstate commerce. There is no proof that the appellees even had knowledge of the fact that appellant manufactured goods from material shipped to him by tailors engaged in business in states other than the state of Missouri, to be returned when finished. In United Mine Workers of America v. Coronado Coal Co., 258 U. S. ——, 42 Sup. Ct. 570, at page 583, 66 L. Ed. ——, the Supreme Court, speaking of the relation of coal mining to interstate commerce, said:

"Coal mining is not interstate commerce, and obstruction of coal mining, though it may prevent coal from going into interstate commerce, is not a restraint of that commerce, unless the obstruction to mining is intended to restrain commerce in it, or has necessarily such a direct, material, and substantial effect to restrain it that the intent reasonably must be inferred."

In the case in hand the appellant was establishing a new business. He had not been for a long time sending a continuous stream of interstate commerce through its channels, and the evidence fails to show that the appellees' obstruction to the appellant's tailoring was intended by them to restrain his alleged interstate commerce, or that it necessarily had such a direct, material, and substantial effect to restrain it that the appellees' intent so to do reasonably must be inferred.

The order denying the temporary injunction is affirmed.

Reference is made to the opinion of this court in United Leather Workers International Union et al. v. Herkert & Meisel Trunk Co., 284 Fed. 446, which is filed herewith.