## HASKELL v. PERKINS et al.

District Court, D. New Jersey. March 28, 1928.

Homer S. Cummings, of Stamford, Conn., Sherman L. Whipple and Edward C. Park, both of Boston, Mass., and William A. Kelly, of Stamford, Conn. (McCarter & English and Arthur F. Egner, all of Newark, N. J., of counsel), for plaintiff.

Pitney, Hardin & Skinner and Shelton Pitney, all of Newark, N. J., George W. Schurman and Charles E. Hughes, Jr., both of New York City, Waldron M. West, and Forrest Hyde and Philip M. Payne, both of New York City (John Fletcher Caskey, of New York City, of counsel), for defendants.

RUNYON, District Judge. At the time the defendants in the above-entitled action made their motion for the setting aside of the verdict and for a new trial, the plaintiff made his motion to treble the damages and to recover an attorney's fee, basing his action upon the seventh section of the Sherman Anti-Trust Act, which provides as follows:

"Any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act, may sue therefor in any [Circuit Court] of the United States in the district in which the defendant resides or is found, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the costs of suit, including a reasonable attorney's fee." 15 USCA § 15.

There could be no question as to the right of the plaintiff to make this motion, in view of the wording of the statute and his successful prosecution of his suit, except for the fact that Mr. James B. Duke is no longer living, and that his death makes the question of the survival of a right to threefold damages a pointed and decisive one.

To me the right to treble damages and an attorney's fee must rest upon the nature of these elements, because, if they are to be reckoned as a part of plaintiff's compensatory damages, there would seem to be no doubt as to their survival; but if, on the other hand, the damages as awarded by the jury constitute in their entirety everything that is compensatory, then the trebling of the damages and the attorney's fee would appear to lie entirely outside the scope of compensation, and be subject to disposal upon a different theory altogether. As one reads the statute, there is no hint given of any exception to be allowed, as the phrase concerning damages and attorney's fee is seemingly mandatory. Nevertheless it appears to me that the reasons for and the intent accompanying the wording of the statute must be ascertained, if possible, and that the old common-law elements, as they pertain to damages and the survival thereof, must be taken into consideration.

In that connection, and upon the argument of this motion, there was, apparently, virtual agreement between counsel in the proposition that, if the matters in dispute

were in truth of a punitory nature, they could not be considered as having survived Mr. Duke's lifetime. My consideration of this matter, in the first instance, has led me to consult the request which plaintiff made of the court to charge upon the subject of plaintiff's damages, and plaintiff's request upon this subject was worded as follows:

"19. If the jury find that the plaintiff and Mr. Duke were engaged in a joint adventure, and that Mr. Duke wrongfully abandoned the joint adventure, the damages suffered by the plaintiff are the loss of the value of his interest in the joint adventure; that is, the loss of his contract."

And while I did not charge as requested in those words, my own charge to the jury included the following:

"Neither can anticipated profits as such be incorporated in any estimate of damages, the question being rather the value of that which Mr. Haskell lost by reason of the abandonment of the joint adventure, which you will, of necessity, have found to be a fact before any estimate of damages can be undertaken by you; in other words, the loss of his contract is the damage done to him."

I believed at the time the charge was given, and still believe, that those words in general describe the extent of the damage that could have been done to Mr. Haskell, and, with that conclusion in view, the trebling of the damages and the addition of an attorney's fee can be regarded in no other way than as a burden laid upon an alleged wrongdoer by way of penalty or punishment.

The records of the introduction and passage of this act have been made available, and it is interesting, in connection with this dispute, to pursue the account of proceedings in the Senate and House at the time the Sherman Act, so called, was made law. Apparently an argument was precipitated through an effort made by a Senator from Texas, who offered an amendment to provide that under this section suit might be brought, not only in the federal courts, but alternatively in any state court, and during the course of the debate which ensued Senator Hoar, of Massachusetts, who was in charge of the bill, and who probably was in large measure the author of the same in its final form, spoke as follows, regarding this very section 7:

"What I wish to point out to the Senate and to the Senator from Texas is this: This section, which is proposed to be amended, is a section establishing a penalty, threefold damages. Now, you cannot clothe a state court with the authority to enforce a penalty. If we create a legal right like a debt by a United States statute, then undoubtedly a state court of general jurisdiction, which has authority to enforce and aid in the collection of debts, without express enactment by the Congress of the United States, would sustain an action to recover that debt. * * *

"But, when you come to penalties, no court enforces penalties except those created by the authority which creates the court, and no statute of any foreign or other authority but that can clothe the court with that power. * * * We might perhaps say that a person who owed to another a sum of money under an obligation solely the creature of a statute of the United States might recover in any state court; and if the obligation were created he could recover it equally, whether he said so or not; but we cannot say that a state court shall be clothed with jurisdiction to enforce a claim for threefold damages suffered, which is purely penal and punitive."

And at that point Mr. Morgan, Senator from Alabama, asked the following question: "And the attorney's fee?" To which Mr. Hoar replied: "Yes; and the attorney's fee. So I submit to my honorable friend from Texas that his amendment, though intended in the same direction as the bill is intended, will not bear examination."

There is much of the same nature in the further consideration of this law as set forth in the congressional proceedings, and from it there is no other conclusion to be drawn than that Senator Hoar, of Massachusetts, Senator Morgan, of Alabama, and Senator Edmunds, of Vermont, all of them eminent lawyers, regarded the trebling of damages and the attorney's fee as constituting a penalty.

The right to have recourse to the proceedings which accompanied the passage of an act of Congress is upheld in the case of Duplex Printing Press Co. v. Deering, 254 U. S. 443, at page 475, 41 S. Ct. 172, 65 L. Ed. 349, where the construction placed upon intended legislation by those who introduced it or were in charge of its passage may be sought for authoritative information concerning its real nature and the intent which gave it being.

The reason for nonsurvivorship of a right to treble damages appears to me to be a clear one, and founded altogether in equity and justice. If such damages, being, as I believe them to be, exemplary and punitive, are awarded, their imposition is authorized for the purpose, not only of punishing an offender, but likewise as a warning to oth-

ers; but if, since a wrongdoer may have died, his estate may be held equally responsible, the result will be that no distinction is made between the wrongdoer, who was an active participant in the wrong, and the beneficiaries of his estate, who, presumably, are innocent of any connection with the damage done. In support of this principle, the Supreme Court says, in the case of Lake Shore & M. S. R. Co. v. Prentice, 147 U. S. 101, at page 107 et seq., 13 S. Ct. 261, 263 (37 L. Ed. 97):

"Exemplary or punitive damages, being awarded, not by way of compensation to the sufferer, but by way of punishment of the offender, and as a warning to others, can only be awarded against one who has participated in the offense. A principal, therefore, though of course liable to make compensation for injuries done by his agent within the scope of his employment, cannot be held liable for exemplary or punitive damages, merely by reason of wanton, oppressive, or malicious intent on the part of the agent. This is clearly shown by the judgment of this court in the case of The Amiable Nancy, 3 Wheat. 546 [4 L. Ed. 456]."

In the case of Méighan v. Birmingham Terminal Co., 165 Ala. 591, 51 So. 775, as bearing upon the subject of exemplary damages, the court said, in part, as follows:

"Such damages are assessed in proper cases in the interest of the state. They are awarded, not for the compensation of the plaintiff, but as a warning to other wrongdoers. A plaintiff has no right to maintain an action merely to inflict punishment. Exemplary damages are in no case a right of the plaintiff, but are assessed at the discretion of the jury for the purpose indicated; and when the wrongdoer dies before the action is brought to trial, and the action survives against his personal representative, only compensatory damages may be recovered."

Various other cases have been offered in the brief of the defendants as supporting their position in general, and one of these is the case of Sullivan v. Associated Billposters, etc. (C. C. A.) 6 F.(2d) 1000, 1012, 42 A. L. R. 503. The question in the present case was not decided by the Circuit Court of the Second Circuit in the Sullivan Case, because it did not become necessary so to do; but the language used by Judge Rogers, during the course of his opinion, leads one to believe that his own opinion upon this matter was against the survival of any punitive or exemplary damages, he having spoken upon that point as follows:

"Before concluding this opinion it may be proper to say that the measure of damages against the personal representative of a deceased tort-feasor is not always the same as the amount which might have been recovered against the decedent. The general rule is that, while in cases where the cause of action survives the same compensatory damages are recoverable against the personal representative as might have been recovered against the decedent, yet in such cases there is no right to punitive or exemplary damages [citing various cases]. Whether because of that general rule the executors of a defendant, in an action brought under the Sherman Act to recover treble damages for injuries done to the plaintiff's business, should apply for a severance of the action in case the deceased is one of several codefendants, and died after the suit was commenced, is a question which was not argued, and which it is not necessary on this record to decide."

In view of all of the foregoing, it is my opinion that the plaintiff in this case is not entitled to treble damages, and that the extent of his recovery must be limited to the damages awarded him by the jury; and this determination is applicable, also, in my opinion, to the matter of the attorney's fee, since the payment of the attorneys for one litigant by the opposing litigant is altogether outside the ordinary procedure, and therefore seemingly included under the general heading of that which is punitive.

In the case of Gulf, C. & S. F. R. Co. v. Ellis, 165 U. S. 150, 17 S. Ct. 255, 41 L. Ed. 666, the Supreme Court, while speaking upon the question of imposing an attorney's fee upon railroads for neglect to pay claims growing out of labor contracts, service charges, or stock killings, designated a statute intended to effect that object as "a statute imposing a penalty upon railroad corporations for a failure to pay certain debts," and in commenting further thereon said:

"They do not enter the courts upon equal terms. They must pay attorney's fees, if wrong; they do not recover any, if right; while their adversaries recover, if right, and pay nothing, if wrong."

I am therefore of the opinion that treble damages and the attorney's fee are both exemplary and punitive in their nature, and do not survive the death of an alleged wrongdoer.

The motion, therefore, to treble the plaintiff's damages herein and to award a reasonable attorney's fee is denied.