## HICKS v. BEKINS MOVING & STORAGE CO. et al.

### No. 8247.

Circuit Court of Appeals, Ninth Circuit.
Jan. 19, 1937.

584

Moore, Fullerton & Moore, of Seattle, Wash., for appellant.

Karr & Gregory, Day Karr, Payne Karr, and Howard Tuttle, all of Seattle, Wash., for appellee Bekins Moving & Storage Co.

Vanderveer & Bassett, of Seattle, Wash., for all other appellees.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant brought this action against appellees under section 4 of the Clayton Act of October 15, 1914, c. 323, 38 Stat. 731 (15 U.S.C.A. § 15), to recover three-fold damages for injuries alleged to have been sustained by reason of a combination or conspiracy in violation of the Sherman Anti-Trust Act of July 2, 1890, c. 647, 26 Stat. 209, 210 (15 U.S.C.A. §§ 1–7, 15 note). The amended complaint (hereinafter called the complaint) is in two counts stating or purporting to state two causes of action. The first is for damages alleged to have been sustained by K. H. Mesharer, whose cause of action was assigned to appellant. The second is for damages alleged to have been sustained by appellant himself. The District Court sustained demurrers to the complaint and to each count thereof and (appellant having declined to plead further) entered a judgment of dismissal. This appeal followed.

Each count of the complaint alleges that appellant's assignor, Mesharer, was "engaged in the business of interstate commerce as a common carrier and contract hauler from State to State"; that appellee Bekins Moving & Storage Company (hereinafter called the Bekins Company) was engaged in the business of moving, warehousing, and storing household goods, furniture, and other personal property, and in the business of transporting such goods, furniture, and other property from state to state; that appellee Teamsters, Chauffeurs and Helpers Union of Seattle, No. 174 (hereinafter called the Union), is an unincorporated association; that at all times mentioned in the complaint appellees Beck, De Moss, McEwen, Bowen, Brewster, Onstott, and Burnett constituted and do now constitute the executive board of the Union; and that appellee Claude P. O'Reilly was and is the business manager of the Union and is the husband of appellee Pearl H. O'Reilly.

Each count alleges that on December 30, 1932, appellant "delivered to and left with" the Bekins Company certain household goods, furniture, and other personal property (hereinafter called appellant's property), to be stored and kept for appellant in the Bekins Company's warehouse at Seattle, Wash., for a consideration of $12 a month, and to be redelivered to appellant on request; that on June 1, 1935, appellant and Mesharer entered into a contract whereby Mesharer agreed, for a consideration of $400, to transport appellant's property from Seattle, Wash., to Wilkes-Barre, Pa.; that, pursuant to said contract, Mesharer sent two of her employees, with a motor truck, to the Bekins Company's warehouse in Seattle, with instructions from her and authority from appellant to demand and receive delivery of appellant's property; and that her said employees did on June 28, 1935, demand of the Bekins Company delivery of said property, so that it might be transported from Seattle to Wilkes-Barre as provided in said contract.

Each count further alleges that prior to June 28, 1935, appellees had "entered into a combination and conspiracy among themselves the object of which was to prevent the movement of household goods, furniture and other personal property from the warehouses of [the Bekins Company] out of Seattle and through the State of Washington in interstate commerce in vans or motor trucks other than vans or motor trucks manned and operated by duly affiliated members of [the Union]"; that "said combination and conspiracy was in existence and full force and effect" on June 28, 1935; that by reason of said combination and conspiracy, the Bekins Company "endeavors to and does prohibit and prevent the movement of any such personal property from its said Seattle warehouse to any point within or without the State of Washington in any except its own motor trucks, vans and lift vans or those operated by its own union employees as aforesaid, thereby interfering with and restraining interstate commerce"; and that pursuant to said combination and conspiracy, the Union "endeavors to and does prohibit and prevent any of its members, not employees of [the Bekins Company] from using their own motor trucks or operating the motor trucks of others in the movement of household goods, furniture

and other personal property from the warehouse of [the Bekins Company] in interstate commerce or otherwise, thereby intending to interfere with and restrain interstate commerce."

Each count further alleges that, pursuant to said combination and conspiracy, the Bekins Company, on June 28, 1935, refused to deliver appellant's property to Mesharer's employees, they not being members of the Union, and said employees were then and there threatened by members of the Union with "bodily harm" should they attempt to remove said property, and were thereby prevented from obtaining possession of said property and from transporting it from Seattle, Wash., to Wilkes-Barre, Pa.; and that all of the acts complained of were contrary to the provisions of the Sherman Anti-Trust Act (15 U.S.C. A. §§ 1–7, 15 note).

The first count alleges that, by reason of the acts complained of, Mesharer was prevented from earning and collecting the sum which was to have been paid her for transporting appellant's property from Seattle to Wilkes-Barre and was obliged to incur other losses and expenses, being thereby damaged in the aggregate sum of $647.73, and that her cause of action was assigned to appellant on December 12, 1935. The second count alleges that, by reason of said acts, appellant was obliged to pay additional storage charges and to incur other losses and expenses, being thereby damaged in the aggregate sum of $2,004.60.

■ The first ground of demurrer is that appellant has no legal capacity to sue. This contention is here urged only as to the first count, which, as previously stated, is based on a cause of action assigned to appellant by Mesharer, who is alleged to have been damaged by a violation of the Sherman Anti-Trust Act. Appellees contend that such an action is one to recover a penalty, and that such a cause of action does not survive the death of the injured party and, therefore, is not assignable. This contention must be rejected. An action to recover damages resulting from a violation of the Sherman Anti-Trust Act is not an action to recover a penalty. Chattanooga Foundry & Pipe Works v. Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241. Such a cause of action does survive the death of the injured party and

is assignable. Moore v. Backus (C.C.A.7) 78 F.(2d) 571, 573–576, 101 A.L.R. 379; Fazakerly v. E. Kahn's Sons Company (C.C.A.5) 75 F.(2d) 110, 114; United Copper Securities Co. v. Amalgamated Copper Co. (C.C.A.2) 232 F. 574, 577.

■ It is also contended by appellees that Mesharer's cause of action was against appellant, and was extinguished by the assignment. There is no merit in this contention. The complaint does not allege, nor does it state any fact from which it may be inferred, that Mesharer was to receive any payment for the transportation of appellant's property unless or until such transportation was completed. It does allege that, by the acts complained of, Mesharer was prevented from transporting appellant's property and from earning or collecting the amount which appellant had agreed to pay for such transportation, and was also obliged to incur other losses and expenses. Her cause of action was not against appellant and was not extinguished by the assignment.

■ The second ground of demurrer is that in each count of the complaint two causes of action are improperly united. This contention is here urged only as to the second count. The two causes of action there said to have been united are: (1) A cause of action in tort for a violation of the Sherman Anti-Trust Act; (2) a cause of action arising on the contract between appellant and the Bekins Company. This contract is referred to in each count of the complaint, but neither count states or attempts to state a cause of action predicated thereon. The only cause of action stated or attempted to be stated in either count is for a violation of the Sherman Anti-Trust Act. There was no attempt to invoke the trial court's jurisdiction on any other ground or for any other purpose.[1] It therefore cannot be said that two causes of action are united, improperly or otherwise, in either count of the complaint.

■ The third and last ground of demurrer is that neither count of the complaint states facts sufficient to constitute a cause of action. Appellees contend that the allegations of the complaint regarding the combination or conspiracy therein mentioned are mere conclusions of law, and that these conclusions are negatived by the facts alleged in the complaint. These con-

[1] Diverse citizenship is not alleged.

tentions are without merit. It is true, of course, that, to show a violation of the Sherman Anti-Trust Act, mere statements of legal conclusions are not sufficient. Glenn Coal Co. v. Dickinson Fuel Co. (C. C.A.4) 72 F.(2d) 885, 888; Witherell & Dobbins Co. v. United Shoe Machinery Co. (C.C.A.1) 267 F. 950, 955.

 But the complaint in this case states more than mere conclusions. Each count thereof alleges, in substance, that appellees combined and conspired to prevent, and did prevent, the transportation of personal property from · the Bekins Company's warehouses in Seattle, Wash., to points outside the State of Washington, in vans or motor trucks other than those manned and operated by members of the Union; that, in pursuance of said combination and conspiracy, appellees prevented the transportation of appellant's property from Seattle, Wash., to Wilkes-Barre, Pa.; and that, by reason thereof, appellant and his assignor were injured and damaged in the amounts stated. These are specific allegations of fact which, if true, warrant a judgment for appellant. Buyer v. Guillan (C.C.A.2) 271 F. 65, 16 A.L.R. 216; Steers v. United States (C. C.A.6) 192 F. 1, 4. The combination and conspiracy and the acts done in pursuance thereof are set forth with definiteness and certainty. Appellant was not required to plead evidentiary matters or to set out in his complaint a detailed description · of the alleged conspiracy. Mitchell Woodbury Corp. v. Albert Pick Barth Co. (C. C.A.1) 41 F.(2d) 148, 150; Ballard Oil Terminal Corp. v. Mexican Petroleum Corp. (C.C.A.1) 28 F.(2d) 91, 98.

Appellees say the complaint shows that "the *real object* of the so-called conspiracy was to establish and maintain a closed shop in the City of Seattle." That does appear to have been one object of the conspiracy, but, if the allegations of the complaint be true, that object was to be accomplished by unlawful means, that is to say, by doing that which the Sherman Anti-Trust Act forbids. Such a violation of the act cannot be justified or excused on the pretext that its object was to establish or maintain a closed shop. Loewe v. Lawlor, 208 U.S. 274, 285-309, 28 S.Ct. 301, 52 L.Ed. 488, 13 Ann.Cas. 815; Lawlor v. Loewe, 235 U.S. 522, 534, 35 S.Ct. 170, 59 L.Ed. 341; Duplex Printing Press Co. v. Deering, 254 U.S. 443, 462-468, 41 S.

Ct. 172, 174-177, 65 L.Ed. 349, 16 A.L.R. 196. ·

The cases cited in appellees' brief do not support their contention on this point. The conspiracies dealt with in United Mine Workers v. Coronado Coal Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762; Levering & Garrigues v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062; Silverstein v. Local No. 280, Journeymen Tailors' Union (C.C.A.8) 284 F. 833; Konecky v. Jewish Press (C.C.A.8) 288 F. 179; and United States v. Hency (D.C. N.D.Tex.) 286 F. 165, were aimed at intrastate businesses and activities, and had only an indirect and incidental effect on interstate commerce. Here, if appellant's allegations be true, restraint of interstate commerce was the immediate aim and object of the conspiracy. The case of Schechter Poultry Corporation v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947, also cited in appellees' brief, arose under the National Industrial Recovery Act (48 Stat. 195) and has no bearing on the question here considered.

Judgment reversed and case remanded, with directions to overrule the demurrers to the amended complaint and to each count thereof.