Alice P. NELSON, Administratrix of the Estate of Ronald Nelson, Plaintiff-Appellant,

v.

David R. KNOX et al., Defendants-Appellees.

No. 12490.

United States Court of Appeals Sixth Circuit.

Feb. 9, 1956.

Theodore F. Hughes, Berkley, Mich., Hugh K. Davidson, Joseph A. Lang, Detroit, Mich., on brief, for appellant.

Arthur E. Moore, Royal Oak, Mich., Bratton, Bratton & Brooke, Detroit, Mich., of counsel, for appellees.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Ronald Nelson, during his lifetime, was the owner of a building in Huntington Woods in which, for several years, he had operated a garage business. Appellees are various officials of the city who participated in the enactment of certain ordinances to regulate, control, and license garage businesses and businesses for the sale of secondhand automobiles, and gasoline and oil.

Claiming that appellees, purporting to act under color and guise of law, brought about the enactment of patently illegal ordinances and repeatedly and specifically directed police enforcement of them to his injury, Mr. Nelson brought an action for damages against them under 42 U.S.C.A. § 1983, the so-called Civil Rights Statute, claiming that by their malicious conduct, they had intentionally destroyed his business and forced him to close his garage.

Answers were filed and, subsequently, appellees filed motions to dismiss the complaint on the various grounds that a cause of action was not stated therein; that the plaintiff was foreclosed from maintaining the suit by *res judicata;* and that defendants were immune from civil liability for their actions. All of these motions were denied by the district court. Subsequent to the denial of the above mentioned motions, Mr. Nelson died, and his widow, appellant herein, as Executrix of his estate, filed a petition for substitution as party plaintiff, which was granted. Thereafter, defendants moved to dismiss the complaint for the reason that the action did not survive the death of Mr. Nelson. The district court thereupon dismissed the complaint on the

ground that it did not survive and pass to decedent's personal representative upon his death.

The only question presented for determination is whether the action brought by Mr. Nelson under the Civil Rights Statute claiming damages for violation and destruction of his property rights survived his death.

In Barnes Coal Corp. v. Retail Coal Merchants Association, 4 Cir., 128 F.2d 645, 649, it was held that the modern rule as to survivability is that actions for torts in the nature of personal wrongs such as slander, libel, malicious prosecution, and similar actions, die with the person, whereas, if the tort is one affecting property rights, the action survives. In discussing the rule and in deciding the case, Judge Parker, speaking for the court, said:

"Underlying the distinction between actions that die with the person and those that survive is the basic thought that the reason for redressing purely personal wrongs ceases to exist either when the person injured cannot be benefited by a recovery or the person inflicting the injury cannot be punished, whereas, since the property or estate of the injured person passes to his personal representatives, a cause of action for injury done to these can achieve its purpose as well after the death of the owner as before. This rule that the cause of action for injury to property or estate survives is in accord with the rule in equity, where proceedings relate primarily to the protection of property rights. 1 Am.Jur. 68; Clarke v. Mathewson, 12 Pet. 164, 169, 171, 9 L.Ed. 1041. The late Judge Rogers in Sullivan v. Associated Billposters and Distributors supra [6 F.2d 1004], after an exhaustive review of applicable authorities, thus states the modern rule as to the survival in law actions: 'It was a rule of the common law that most causes of action based on contract survived, while most of those founded on tort abated. But

the rule was subject to various exceptions. The real test, so far as tort actions were concerned, seems to have been whether the injury on which the cause of action was based affected property rights, or affected the person alone. In the former case the cause of action survived, while in the latter it abated.' "

We are of the view that the action in this case survived decedent and passed to his representative.

Many other interesting questions are discussed in the briefs of counsel, but they bear upon aspects of the case not presently before us. We are here reviewing only the order of the district court dismissing the complaint on the ground that the action did not survive, and, necessarily, we express no views upon any of the other legal issues in the case.

In accordance with the foregoing, the order dismissing the action is reversed and the case remanded to the district court for further proceedings.