**Arnold GERR, doing business as Harry Gerr Co., Plaintiff,**

v.

**SCHERING CORPORATION, Defendant.**

**No. 66 Civ. 1370.**

United States District Court
S. D. New York.
July 20, 1966.

---

Telsey & Lowenthal, New York City, for defendant.

## OPINION

TYLER, District Judge.

In this suit filed on May 12, 1966, plaintiff seeks treble damages pursuant to applicable provisions of the Clayton Act upon a claim of illegal price discrimination. (15 U.S.C. § 15; 15 U.S.C. § 13(a) and § 13(d)). Defendant here moves for summary judgment on the theory that prior to the commencement of the suit, plaintiff had assigned the claim here asserted to another.

On March 15, 1966, plaintiff concededly executed an assignment for the benefit of creditors in the usual New York form to Robert F. Herzog.[1] On the following day, March 16, the assignment was duly recorded in the Office of the County Clerk of New York County.

In the moving affidavits of defendant, it is stated, without contradiction by plaintiff, that on March 28, 1966 plaintiff's business assets were sold at public auction and that thereupon plaintiff effectively went out of business.

In opposition to the motion, plaintiff's lawyer has submitted his affidavit wherein it is asserted, *inter alia*, that (1) plaintiff did not realize that he had a treble damage claim under the antitrust laws at the time when he executed the assignment for the benefit of creditors, and (2) plaintiff's claim sounds essentially in tort and thus is not assignable—i. e. by operation of law, plaintiff's claim was not embraced in the March 15, 1966 assignment.

Indeed, there is some authority for this last legal defense raised by plaintiff upon this motion. A federal district court in Louisiana almost fifty years ago held that the right of action for treble damages under the antitrust laws is one in tort and thus "non-assignable" to, for example, a trustee in bankruptcy. Bonvillain v. American Sugar Refining Co., 250 F. 641, E.D.La., 1918; Caillouet v.

Matthew L. Salonger, New York City, for plaintiff.

---

1. Debtor and Creditor Law of New York, Sec. 3, McKinney's Consol.Laws of New York, c. 12, Vol. 12.

American Sugar Refining Co., 250 F. 639, E.D.La., 1917.

The, view of the Louisiana court, however, has not been generally followed. It was earlier held in this circuit that a claim for property damage such as injury to one's business based upon a violation of the antitrust laws can be assigned upon the theory that it is a civil action and as such was assignable at the common law. United Copper Securities Co. v. Amalgamated Copper Co., 232 F. 574, 2 Cir., 1916. Subsequent cases in this and other circuits have stated that such a claim is assignable because it is not, as it used to be argued, an action to recover a penalty. See Hicks v. Bekins Moving and Storage Co., 87 F.2d 583, 9 Cir., 1937; Banana Distributors, Inc. v. United Fruit Co., 27 F.R.D. 403, S.D.N.Y. 1961; Cinnamon v. Abner A. Wolf, Inc., et al., 215 F.Supp. 833, E.D.Mich.1963.

There being little doubt but that treble damage claims are assignable, there remains for consideration whether or not plaintiff effectively assigned this claim. Among other things assigned by plaintiff in the March 15th instrument of assignment were, "all and singular the * * * claims, demands, property and effects of every description belonging to * * *" plaintiff. No citation is necessary to support the obvious point that under the law of New York this broad language was sufficient to validly assign any and all claims of plaintiff, including this claim asserted under the Clayton Act. Counsel's gratuitous opinions as to the state of plaintiff's mind and knowledge at the time he executed the assignment are make-weight at best and do nothing to alter this necessary conclusion.

From what has been said so far, it does not necessarily follow that the defendant is correct in arguing that the complaint should be dismissed. As I read the cases, the better and fairer practice would be to permit the assignee, or his lawful successor or assigns, if so advised, to be substituted as party plaintiff in this action. See, e. g. Imperial Film Exchange v. General Film Co., et al., 244 F. 985, S.D.N.Y., 1915.

Accordingly, the motion is granted to the extent of ruling that plaintiff has no standing to assert this particular claim. An order should be settled on notice to reflect the foregoing and to provide that the assignee, Mr. Herzog, or his lawful successor or assigns, shall have the right to be substituted as party plaintiff, if so advised, within thirty (30) days after entry of the order and that, failing such substitution within such period, the complaint then may finally be dismissed.