### REID v. APPLETON–CENTURY–CROFTS, Inc.

Civ. No. 6817.

United States District Court
N. D. Ohio, W. D.

May 20, 1953.

Harris & Sell, Edward Harris, Toledo, Ohio, for plaintiff.

Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, for defendant.

KLOEB, District Judge.

This matter comes before the Court on the motion of the plaintiff for an order striking from the answer the following words and allegations:

Specification 1. Sixth Defense appearing as paragraph No. 36 on page six of the answer:

"36. Defendant states that any claim alleged in plaintiff's complaint herein which accrued prior to June 18, 1951, is barred by Section 11225 of the General Code of Ohio."

Specification 2. Seventh Defense appearing as paragraph No. 37 on page six of the answer:

"37. Defendant states that any claim alleged in plaintiff's complaint herein which accrued prior to June 18, 1946, is barred by Section 11222 of the General Code of Ohio."

The complaint in this case is filed under authority of the Robinson-Patman Act, 15 U.S.C.A. § 13 et seq., which imposes both civil and criminal sanctions for violation,

the civil liability to the person aggrieved being one for treble damages. Section 4 of the Clayton Act, 15 U.S.C.A. § 15, applies to the remedy and provides:

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

No reference being made in the statute as to the period of limitations for bringing such actions, it is conceded that reference must be had to the law of the forum to determine this question.

In an opinion filed by this Court December 30, 1952, in the case of Reid v. Doubleday & Co., D.C., 109 F.Supp. 354, we held that the cause of action here sued upon is remedial rather than penal, and that section 11222 of the General Code of Ohio governs rather than section 11225. Section 11222 provides a time limitation of six years and section 11225 provides a time limitation of one year.

On the basis of the opinion filed December 30, 1952, we sustain the motion to strike from the answer paragraph 36 of the Sixth Defense. Defendant's rights upon appeal are preserved.

With respect to specification No. 2 of the motion, it is plaintiff's position that he has a right of recovery for acts of the defendant beyond the six years provided by section 11222 of the General Code of Ohio, i. e., prior to June 18, 1946, because the running of all statutes of limitation on antitrust causes was tolled or suspended since October 10, 1942 by virtue of 56 Statutes at Large 781 and 59 Statutes at Large 306.

56 Statutes at Large 781 reads as follows: "the running of any existing statute of limitations applicable to violations of the antitrust laws of the United States, now indictable or subject to civil proceedings under any existing statutes, shall be suspended until June 30, 1945, or until such earlier time as the Congress by concurrent resolution, or the President, may designate. This Act shall apply to acts, offenses, or transactions where the existing statute of limitations has not yet fully run, but it shall not apply to acts, offenses, or transactions which are already barred by the provisions of existing laws."

The above statute was amended in 59 Statutes at Large 306, on June 30, 1945, to extend 56 Statutes at Large 781 for a period of one additional year.

It is defendant's position that the quoted statute has no application to the present case and that the six year statute of limitations, section 11222 of the General Code of Ohio, was not tolled; that the statute provides that the running of the statute of limitations shall be suspended only in the case of violations of antitrust laws "now indictable or subject to civil proceedings"; and that the legislative history shows that the term "civil proceedings" should be construed as limited to civil proceedings instituted by the United States, and does not include treble damage suits instituted by private parties.

We are of the opinion that the motion for an order striking paragraph 37 of the Seventh Defense from the answer ought to be sustained. United West Coast Theatres Corporation v. South Side Theatres, Inc., (Twentieth Century-Fox Film Corporation, Third-Party Defendants), D.C., 86 F.Supp. 109; Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207.

The opinion of District Judge Mathes in the United West Coast Theatres Corporation case appears to be the result of intensive study and research on the very question involved herein. On page 113 of 86 F.Supp. we find the following:

"Manifestly, to toll 'any existing statute of limitations applicable to * * * civil proceedings' brought by the United States, while permitting limitations to run against private persons, would tend to defeat the very encouragement and assistance to private litigants which the Congress sought to give by § 5 of the Clayton Act."

In Ex parte Collett, an opinion by Mr. Chief Justice Vinson, decided May 31, 1949, just two months before the opinion of Judge Mathes was filed, we find, 337 U.S. at page 58, 69 S.Ct. at page 946, the following:

"First. The court below relied on the language of § 1404(a), supra, which it regarded as 'unambiguous, direct, clear.' We agree. The reach of 'any civil action' is unmistakable. The phrase is used without qualification, without hint that some should be excluded. From the statutory text alone, it is impossible to read the section as exercising this case from 'any civil action.' "

On page 61 of 337 U.S., on page 947 of 69 S.Ct., we find the following:

"Third. Petitioner's chief argument proceeds not from one side or the other of the literal boundaries of § 1404(a), but from its legislative history. The short answer is that there is no need to refer to the legislative history where the statutory language is clear. 'The plain words and meaning of a statute cannot be overcome by a legislative history which, through strained processes of deduction from events of wholly ambiguous significance, may furnish dubious bases for inference in every direction.' Gemsco v. Walling, 1945, 324 U.S. 244, 260, 65 S.Ct. 605, 614, 89 L.Ed. 921."

The language of 56 Statutes at Large 781 appears to be "unambiguous, direct, clear", and we are of the opinion that the plain words and meaning of the statute are not overcome by the legislative history relied upon by defendant and contained chiefly in Senate Report No. 1592 of the Seventy-seventh Congress, Second Session, and Senate Report No. 422 of the Seventy-ninth Congress, First Session. These are the reports that accompanied S 2731 and S 937 which became 56 Statutes at Large 781 and 59 Statutes at Large 306.

The motion of plaintiff for an order striking from the answer specifications one and two is, therefore, sustained.

An order is drawn accordingly.