**ENGLANDER MOTORS, INC.,**
Plaintiff-Appellant,

v.

**FORD MOTOR COMPANY, Defendant-Appellee.**

**No. 14346.**

United States Court of Appeals
Sixth Circuit.

July 17, 1961.

Myron N. Krotinger, Cleveland, Ohio (M. Alfred Roemisch, Herbert A. Rosenthal, Myron N. Krotinger, of Lane, Krotinger & Santora, Cleveland, Ohio, on the brief), for appellant.

Charles W. Sellers, Cleveland, Ohio (Andrew C. Hartzell, Jr., of Thompson, Hine & Flory, Cleveland, Ohio, on the brief), for appellee.

Before MILLER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

WEICK, Circuit Judge.

The action in the District Court was to recover treble damages under Section 4 of the Clayton Act for alleged violations of Sections 2(a) and 3 of the Robinson-Patman Act. 15 U.S.C.A. §§ 15, 13, 13a.

Defendant filed a motion for summary judgment on two grounds, namely, (1) that an action for treble damages under Section 4 of the Clayton Act cannot be brought for violations of Section 3 of the Robinson-Patman Act and (2) the action is barred by the Ohio statute of limitations. The District Court granted the motion on both grounds and dismissed the complaint. Plaintiff appealed.

In our judgment, the District Court was correct in holding that the action for treble damages under Section 4 of the Clayton Act could not be maintained for violations of Section 3 of the Robinson-Patman Act. The latter section is not an "antitrust law" within the

meaning of Section 4 of the Clayton Act. Section 3 of the Robinson-Patman Act contains only penal sanctions for its violation. These are exclusive. The private remedy afforded by Section 4 of the Clayton Act cannot, therefore, be based on violations of Section 3 of the Robinson-Patman Act. Nashville Milk Co. v. Carnation Co., 1958, 355 U.S. 373, 78 S. Ct. 352, 2 L.Ed.2d 340; Safeway Stores, Inc. v. Vance, 1958, 355 U.S. 389, 78 S. Ct. 358, 2 L.Ed.2d 350; Ludwig v. American Greetings Corp., 6 Cir., 1959, 264 F. 2d 286.

There remains only the question whether plaintiff's cause of action under Section 4 of the Clayton Act for violation of Section 2(a) of the Robinson-Patman Act is barred by the Ohio statute of limitations.

■ At the time the cause of action arose there was no federal statute of limitations applicable to private actions for treble damages under the antitrust laws.[1] In the absence of such a statute, the state statutes of limitation are applied. City of Atlanta v. Chattanooga Foundry & Pipe Works, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; Northern Kentucky Telephone Co. v. Southern Bell Telephone & Telegraph Co., 6 Cir., 1934, 73 F.2d 333, 97 A.L.R. 133.

The pertinent Ohio Statutes of Limitation are as follows:

"§ 2305.07 Contract not in writing. * * *

"An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

"§ 2305.11 Time limitations for bringing certain actions. * * *

"An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, or upon a statute for a penalty or forfeiture, shall be brought within one year after the cause thereof accrued, provided, that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, shall be brought within two years after the cause thereof accrued."

The District Court held that the present action was upon a statute for a penalty or forfeiture and was, therefore, barred by the one year Ohio statute of limitations. R.C. § 2305.11. It is the position of appellant that its action is one created by statute other than a forfeiture or penalty and that the six year Ohio statute of limitations applies. R. C. § 2305.07.

An examination of the federal decisions reveals that the application of state statutes of limitation to private antitrust actions for treble damages has not only produced different periods of limitation throughout the country, but also a divergence of opinion as to whether the remedies for violation of the antitrust laws are remedial in operation or constitute a penalty or forfeiture.

Cases construing state statutes of limitation holding that actions under the antitrust laws for treble damages are remedial are collected in footnote 2 and those holding such actions are for a pen-

1. Congress has since enacted a four year statute of limitations which became effective January 7, 1956. 15 U.S.C.A. § 15b. Undoubtedly the purpose of this statute was to provide a uniform period of limitation. The statute has no application to the present case.

2. City of Atlanta v. Chattanooga Foundry & Pipe Works, 1906, 203 U.S. 390, 27 S. Ct. 65, 51 L.Ed. 241, affirming 6 Cir., 127

F. 23; Shapiro v. Paramount Film Distributing Co., 3 Cir., 1960, 274 F.2d 743, affirming D.C., 177 F.Supp. 88; Bertha Building Corp. v. National Theatres Corp., 2 Cir., 1959, 269 F.2d 785, certiorari denied 361 U.S. 960, 80 S.Ct. 585, 4 L.Ed.2d 542; Hicks v. Bekins Moving & Storage Co., 9 Cir., 1937, 87 F.2d 583; Thompson v. North Carolina Theatres, D. C.N.C., 176 F.Supp. 73; Leonia Amuse-

alty or forfeiture are in footnote 3. The weight of authority is on the side of the remedial character of the action.

The Supreme Court held in City of Atlanta v. Chattanooga Foundry & Pipe Works, 203 U.S. 390, 27 S.Ct. 65, 66, 51 L.Ed. 241, that actions for treble damages under the antitrust laws were remedial and not for a penalty or forfeiture. Mr. Justice Holmes who wrote the opinion for the Court said:

> "The limitation of five years in Rev.Stat. § 1047, U.S.Comp.Stat. 1901, p. 727, to any 'suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States,' does not apply. The construction of the phrase 'suit for a penalty,' and the reasons for that construction, have been stated so fully by this court that it is not necessary to repeat them. Indeed the proposition hardly is disputed here. Huntington v. Attrill, 146 U.S. 657, 668 [13 S.Ct. 224, 36 L.Ed. 1123, 1128]; Brady v. Daly, 175 U.S. 148, 155, 156 [20 S. Ct. 62, 44 L.Ed. 109, 112, 113]."

The Court also held that the action was not "for statute penalties" and was, therefore, not governed by the one year Tennessee statute of limitations. Article 2772 (Shannon, 4469).

Chattanooga affirmed the decision of this Court reported in 127 F. 23, 28 (6 Cir., 1903). Judge Lurton, who wrote the opinion for the Court, said:

> "We find ourselves in agreement with the court below in holding that

an action under the seventh section of the act of July 2, 1890, c. 647, 26 Stat. 210 [U.S.Comp.St.1901, p. 3202], is not a penal action. The three first sections of the act are undoubtedly penal. They forbid certain contracts and combinations, and provide that persons doing any of the forbidden things shall be guilty of a misdemeanor, and subject to punishment by both fine and imprisonment. The fourth and fifth sections give jurisdiction to the Circuit Courts to prevent and restrain violations of the act, and deal with procedure under the restraining power thus granted. The sixth section provides for the forfeiture to the United States of property in course of transportation owned by any such unlawful combination, etc. The seventh section alone gives any remedy to one injured by such a forbidden combination or contract, and that measures the relief by the 'damages by him sustained,' costs of suit, and his reasonable attorney's fees. The remedy is not given to the public, for no one may bring the action save the person 'who shall be injured,' etc., and the recovery is for the sole benefit of the person so injured and suing. It is not reasonable to construe the remedy so conferred as a penal action, for that would be to add to the punishment by fine or imprisonment imposed by the other sections of the act an additional punishment by way of pecuniary penalty. The plain intent is to

ment Corp. v. Loew's, Inc., D.C.N.Y. 1953, 117 F.Supp. 747; Fulton v. Loew's, Inc., D.C.Kan.1953, 114 F.Supp. 676; Reid v. Appleton-Century-Crofts, Inc., D. C.N.D.Ohio 1953, 112 F.Supp. 279; Reid v. Doubleday & Co., D.C.N.D.Ohio 1952, 109 F.Supp. 354; Wolf Sales Co. v. Rudolph Wurlitzer Co., D.C.Colo., 105 F. Supp. 506; Levy v. Paramount Pictures, D.C.Cal.1952, 104 F.Supp. 787; Winkler-Koch Engineering Co. v. Universal Oil Products Co., D.C.N.Y., 100 F.Supp. 15; Christensen v. Paramount Pictures, D.C. Utah, 95 F.Supp. 446; Momand v. Universal Film Exchange, D.C.Mass.1942, 43

F.Supp. 996; Hansen Packing Co. v. Swift & Co., D.C.N.Y.1939, 27 F.Supp. 364.

**3.** Powell v. St. Louis Dairy Co., 8 Cir., 1960, 276 F.2d 464; Gordon v. Loew's, Inc., 3 Cir., 1957, 247 F.2d 451; Dean Oil Co. v. American Oil Co., 3 Cir., 1958, 254 F.2d 816; Schiffman Bros. v. Texas Co., 7 Cir., 1952, 196 F.2d 695; Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 1951, 191 F.2d 912; Haskell v. Perkins, D.C.N.J.1928, 28 F.2d 222; Harvey v. Booth Fisheries, D.C.Wash. 1915, 228 F. 782.

compensate the person injured. True, the compensation is to be three times the damage sustained. But this enlargement of compensation is not enough to constitute the action a penal action, within the meaning of section 1047, Rev.St. [U.S.Comp. St.1901, p. 727]."

He further said:

"The whole subject of penal and compensatory actions has been so thoroughly considered in Huntington v. Attrill, 146 U.S. 657, 13 Sup. Ct. 224, 36 L.Ed. 1123, and Brady v. Daly, 175 U.S. 148, 20 Sup.Ct. 62, 44 L.Ed. 109, as well as by the very full and able opinion of Judge Clark in the court below in disposing of a demurrer to a plea, that we feel we can add nothing to the subject."

The Supreme Court of Ohio has not passed upon the precise question involved here. It has rendered decisions, however, which throw some light on what the Ohio law is on this subject. In Pittsburgh, Ft. Wayne & Chicago Ry. Co. v. Methven, 21 Ohio St. 586, the Court held:

"If a statute in the nature of a police regulation gives a remedy for private injuries resulting from the violations thereof, and also imposes fines and penalties at the suit of the public for such violations, the former will not be regarded in the nature of a penalty unless so declared." (1st syllabus.)

This case was cited as authority and relied on by the Circuit Court for the Eastern District of Tennessee in City of Atlanta v. Chattanooga Foundry & Pipe Co., 101 F. 900 which, as above indicated, was later appealed to this Court and the Supreme Court.

In Floyd v. Du Bois Soap Co., 139 Ohio St. 520, 41 N.E.2d 393, 395, reversed on other grounds in 317 U.S. 596, 63 S.Ct. 159, 87 L.Ed. 488, the Supreme Court of Ohio, in a case involving the Fair Labor Standards Act of 1938 (Title 29 U.S.C.A. § 216[b]) had this to say about penal laws:

"The test whether a law is penal is whether the wrong sought to be re-dressed is a wrong to the public or a wrong to the individual. Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123.

"A law is not penal merely because it imposes an extraordinary liability on a wrongdoer in favor of a person wronged, which is not limited to the damages suffered by him. Dicey & Keith, Conflict of Laws, 3d Ed., 231; Meeker v. Lehigh Valley Rd. Co., 236 U.S. 412, 35 S.Ct. 328, 59 L.Ed. 644; Cox v. Lykes Bros., 237 N.Y. 376, 143 N.E. 226."

It will be noted that the Supreme Court of Ohio followed Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L. Ed. 1123, which is the leading case on the subject and was also cited by the Supreme Court of the United States in Chattanooga as authority for its decision.

This Court cited Floyd v. Du Bois Soap Co., supra, in Northwestern Yeast Co. v. Broutin, 6 Cir., 133 F.2d 628, on the proposition that the double recovery authorized by the Fair Labor Standards Act "does not constitute a penalty, but is considered compensation." Id., at page 630. Other cases holding that actions under the Fair Labor Standards Act are not for penalties are: Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 583, 62 S.Ct. 1216, 86 L.Ed. 1682; Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed. 1296.

In Bertha Building Corp. v. National Theatres Corp., 2 Cir., 269 F.2d 785, 789, the Court held that an action for treble damages under the antitrust laws was not for a penalty or forfeiture under New York law which "does not regard actions for civil damages which are made exemplary in part only * * *" as penal. The holding of the Supreme Court of Ohio in Methven was to the same effect as the New York law.

It is clear to us that under federal law private actions for treble damages under the antitrust laws are not regarded as penal in nature, but as compensation. There is not much difference between this kind of action and the or-

dinary action for damages where exemplary or punitive damages are awarded. Such ordinary actions are not deemed penal or to involve a forfeiture. We are convinced by Methven and Floyd v. Du Bois Soap Co., that, under Ohio law, the present action is not one for a penalty or forfeiture. It follows that the present action is governed by the six year Ohio statute of limitations. R.C. § 2305.07.

That part of the judgment of the District Court adjudging that the action cannot be maintained for violations of Section 3 of the Robinson-Patman Act is affirmed. That part which determined that the action was barred by the one year statute of limitations is reversed and the cause remanded for trial of the claim under Section 4 of the Clayton Act for alleged violations of Section 2(a) of the Robinson-Patman Act.