**CITY MESSENGER SERVICE OF HOLLYWOOD, INC., dba City Messenger Air Express and/or C.M.A.X., Plaintiff,**

v.

**CAPITOL RECORDS DISTRIBUTING CORP., Defendant.**

**Civ. A. No. 6659.**

United States District Court,
S. D. Ohio, W. D.

Oct. 29, 1970.

Otto F. Putnick, Goldman, Cole & Putnick, Cincinnati, Ohio, for plaintiff.

Thomas B. Brush, Charles Wm. Anness, Paxton & Seasongood, Cincinnati, Ohio, for defendant.

## SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

HOGAN, District Judge.

The plaintiff, at the times of interest in this case, was an "air carrier" as that term is used in Ch. 20 of 49 U.S.C. As such, it had filed with the "Board" tariffs applicable to various of its carriages. Having done so, it was subject to 49 U.S.C. § 1373 and specifically (b) of that section, which provides:

> "No air carrier shall charge or demand or collect or receive a greater or less or different compensation for air transportation, or for any service in connection therewith, than the rates, fares and charges specified in its currently effective tariffs * * *."

Section 1472(d) of Title 49 makes it a criminal offense for any air carrier or ticket agent or employee or representative thereof to willfully grant or give, or cause to be offered, granted, or given, any rebate or other concession in violation of the provisions of the Act, and specifically makes it a criminal offense for any such person to suffer or permit any shipper to obtain transportation or services at less than the published tariff rates. For some period of time prior to 1959—ending at a time more than six years before the commencement of this action—the defendant made some three thousand shipments (at least) via the plaintiff's air carrier services. Each of these shipments was represented or covered by an "air bill." This is a written instrument which corresponds to a railroad bill of lading. For our purposes we may assume that each air bill was actually signed by both the shipper, the defendant, and also by the air carrier, the plaintiff. Each air bill contained a blank for the insertion of the charge for the service. Apparently the charge was actually inserted in the air bill after the shipper had signed it—in our view, it makes no difference whether the insertion was after or before, since that was the practice of the parties anyway. In any event, in each of the some three thousand shipments, the actual charges inserted in the air bill were less than the tariff rates—that is, less than the applicable rates on the published and filed tariffs of the plaintiff. The defendant paid only what it was charged, of course, and the purpose of this action is to recover the undercharge in accordance with the requirements of the above statutes.

For jurisdictional purposes—there is no problem of the requisite amount. The parties are each residents or citizens of California, so there is no diversity jurisdiction, of course. Early in this controversy the defendant objected to the subject matter jurisdiction on the ground that no federal question was involved. The plaintiff at that time resisted the objection to jurisdiction and based its resistance on 28 U.S.C. § 1337, which, of course, provides:

> "The district court shall have jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce * * *."

That, of course, is the equivalent of claiming that this action arises under a federal statute.

There is no issue of fact at all on this point—every service rendered by the plaintiff to the defendant involved in this controversy was rendered more than six years before this case was filed in February of 1968. Every "air bill" involved was signed and delivered more than six years before that date and every statement covering all the transactions involved in this case found some issue prior to the six-year period.

Concededly the plaintiff's cause or causes of action arose more than six years prior to the commencement of this action. The defendant has moved for a summary judgment on the ground that the plaintiff's action is barred by the statute of limitations.

The question is novel. While Congress has provided statutes of limitation governing actions by licensed or permitted freight forwarders or against them (49 U.S.C. § 1006a—two or three years as the case may be) and while Congress has provided a statute of limitations for such actions involving railroad common carriers and water common carriers (49 U.S.C. § 16—three years) Congress has provided no statute of limitations applicable to an action by or against an air carrier to recover undercharges or the opposite.

The duty of a district court in this circuit in the face of a plea of the statute of limitations is set forth in Val Decker Packing Co. v. Corn Products, 411 F.2d 850 (6 Cir. 1969). We need not repeat it.

The applicable rule of generality is set forth in International Union, United Automobile, etc., Workers v. Hoosier Cardinal Corp., (1965) 383 U.S. 696, at 705, 86 S.Ct. 1107, at 1113, 16 L.Ed.2d 192, as follows:

"Accordingly, since no federal provision governs, we hold that the timeliness of a * * * suit, such as the present one, is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations."

There are three Ohio statutes of limitation of possible application. Revised Code Section 2305.06 provides:

"An action upon a specialty or an agreement, contract, or promise in writing shall be brought within 15 years after the cause thereof accrued."

The plaintiff claims that this is the applicable statute—relying on numerous cases which refer to a bill of lading or to an air bill as a "contract in writing" between the parties.

Section 2305.07 of the Revised Code of Ohio provides:

"An action upon a contract not in writing, express or implied, or upon a liability created by statute, other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

The defendant claims that this is the applicable Ohio statute. The claim has two bases. First, periodically the plaintiff would tally up the charges and render the defendant a cumulative bill, which leads the defendant to the contention that this is an action on an account. An action on an account clearly in Ohio is subject to the six year statute. The second basis rests on the Mahoning County Court of Appeals case of Rudolph v. Husat, 187 N.E.2d 190 (1961)—in that case, the court said:

"In order for an action to come within statutes of limitation governing actions upon a specialty or agreement, contract or promise in writing, the action must grow out of a written instrument which acknowledges indebtedness, or promises to pay in such terms as to make supplemental evidence unnecessary."

The defendant points to the necessity of the tariffs as supplemental evidence in this case.

The third statute is Section 2305.13 of the Ohio Revised Code. This statute provides as follows:

"All actions by carriers for recovery of their charges or part thereof, arising out of the intrastate transportation of persons or property in this state * * * shall be begun within three years of the time the cause of action accrues. * * * The cause of action in respect of a shipment of property shall accrue upon the delivery thereof by the carrier. Overcharge as used in this section means charges for transportation services in excess of those applicable thereto under the tariffs lawfully on file with the Public Utilities Commission."

It is the conclusion of this Court that the "appropriate state statute of limitations" to refer to "as a matter of federal law" is either the six-year or the three-year statute for these reasons:

First—This actually is not an action on a contract. The price stated in the contract is not what the plaintiff seeks to recover—it is the difference between a tariff price and the price contracted for. But for the federal statutes referred to above, the contract would have been a perfectly valid one. The statute is as necessary a basis for the plaintiff's cause of action as it is for the jurisdiction of this Court. The Fifth Circuit has aptly said in a case involving an air carrier—

> "Such tariffs, at least those which are factors in determining the carrier's charges, have the force and effect of statutes." United States v. Associated Air Transport, (5 Cir. 1960) 275 F.2d 827 at pg. 833.

Essentially the foundation of the plaintiff's claim is or are the undercharge sections of the federal statutes which have been referred to hereinabove. Essentially this is an action on a "statute" and for that reason the Ohio six-year statute would apply.

Secondly, in the search for the "appropriate state statute" the question is ever present—is the search for literacy or is the search for the substantive. Ohio has clearly expressed itself on the time within which any carrier should be able to sue to recover an undercharge. True it is the expression was directed to "intrastate" shipment. For good reason —Ohio's right or power to directly limit in haec verbae, the time within which one could exercise a federal right would be of dubious validity. We think the search is for the substantive without regard to technical literacy. See Vanderboom v. Sexton, 422 F.2d 1233 (8 Cir. 1970), in which the Court said:

> "The basic standard for determining which of the various local periods of limitation to utilize is that it should be 'one which effectuates the federal

policy at issue.'" Citing Charney v. Thomas, 372 F.2d 97 (6th Cir. 1967).

See also Englander Motors, Inc. v. Ford Motor Co., 293 F.2d 802 (6th Cir. 1961); Reliford v. Eastern Coal, 260 F. 2d 447 (6th Cir. 1958); Charney v. Thomas, 372 F.2d 97 (6th Cir. 1967); Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968); Crawford v. Zeitler, 326 F.2d 119 (6th Cir. 1964). Furthermore, as the Supreme Court pointed out in *Auto Workers*, in determining the applicable state statute (whether the long or short period of limitations should be described as the one most effectuating federal policy) it is quite in order to look to the federal statutory regulation in the general field. As we have seen, the applicable limitation periods provided by Congress in related fields, such as water shippers or land shippers, is a short two- or three-year period.

The fifteen-year section is not the most "appropriate" section. Either the six-year section or the three-year section is. It is not necessary in this case to decide which and we do refrain from so deciding.

The amended complaint will be and it hereby is dismissed at the plaintiff's cost.