**CITY MESSENGER SERVICE OF HOLLYWOOD, INC., dba City Messenger Air Express and/or C.M.A.X., Plaintiffs-Appellants,**

v.

**CAPITOL RECORDS DISTRIBUTING CORP., Defendant-Appellee.**

**No. 71-1012.**

United States Court of Appeals, Sixth Circuit.

Aug. 12, 1971.

Thomas E. Rubbert, Los Angeles, Cal., for plaintiffs-appellants; Goldman, Cole & Putnick, Cincinnati, Ohio, on brief.

Thomas B. Brush, Cincinnati, Ohio, for defendant-appellee; Paxton & Seasongood, Cincinnati, Ohio, on brief.

Before PHILLIPS, Chief Judge, and BROOKS and KENT, Circuit Judges.

PER CURIAM.

This is an appeal from an order of dismissal by the District Court. The facts are sufficiently set forth in the opinion of District Judge Timothy Hogan, 327 F.Supp. 970, S.D.Ohio, 1971. The parties will be described as in the District Court.

Briefly, the facts are as follows: The plaintiff is an "air carrier" within the meaning of Title 49 U.S.C. § 1301(3), and as such was required to charge the freight rate "specified in its currently effective tariffs." 49 U.S.C. § 1373(b). More than 3700 shipments were made during the period involved, which began in February, 1955 and ended in January, 1959. The last shipment was made more than six years before the commencement of this action in the District Court. Plaintiff brought the action to recover for the difference between the tariff prescribed on the bill of lading and the specified tariffs in effect at the time of the shipments. Defendant filed a motion for summary judgment on the ground that the action was barred by the applicable statute of limitations of the State of Ohio. The trial court granted the motion after concluding that the right to recover was a liability created by statute, and, therefore, barred by the provisions of Ohio Revised Code § 2305.07. "An action * * * upon a liability created by statute * * * shall be brought within six years after the cause thereof accrued."

The basic issue in this case is whether the action is based upon a written contract as claimed by the plaintiff and, therefore, controlled by the 15-year statute of limitations contained in Ohio Revised Code § 2305.06, or whether the action is based upon a statutory liability and therefore covered by the six-year statute of limitations of Ohio upon which the trial court relied. The Court of Appeals for the Fifth Circuit has had occasion to determine whether a charge for air freight is based on contract or is required by law. In United States v. Associated Air Transport, Inc., 275 F.2d 827, 832, (5th Cir., 1960), that Court said:

> Filed as it was under compulsion of § 403(a) of the Civil Aeronautics Act of 1938, the tariff carried the statutory mandate of § 403(b) that it and it alone was to be the sole standard for services to be rendered and charges assessed and collected.[14] In the implementation of this stringent legislative policy, the courts have been equally emphatic that the basis for the charge or credit must be found in the tariff. If it is not in the tariff, it is not allowable. It is not a mere matter of contract. For "a rate once regularly published is no longer merely the rate imposed by the carrier, but becomes the rate imposed by law." Louisville & N. R. Co. v. Dickerson, 6 Cir., 1911, 191 F. 705, 709. "Such tariffs, at least those which are factors in determining the carrier's charges, have the force and effect of statutes." American Ry. Express Co. v. American Trust Co., 7 Cir., 1931, 47 F.2d 16, 18. The tariffs are both conclusive and exclusive; they may not be added to through reference to outside contracts or agreements or understandings or promises.[15]

And in Carter v. American Telephone & Telegraph Company, 365 F.2d 486, at page 496 (5th Cir., 1966), the Court said further:

> "First, a tariff, required by law to be filed, is not a mere contract. It is the law."

In this case we agree with the District Court that the plaintiff is not suing for freight charges described in written contracts, but is suing for the statutory undercharges represented by the differences between the charges set forth in the bills of lading and the amounts prescribed by the specified tariff required by law to be filed.

For the reasons herein stated and for the reasons stated by District Judge Hogan in his opinion, 327 F.Supp. 970. (S.D.Ohio, 1971), the judgment of the District Court is affirmed.