KOCOLENE OIL CORPORATION, et al., Plaintiffs,

v.

ASHLAND OIL CORPORATION, Defendant.

Civ. No. C–1–79–468.

United States District Court,
S. D. Ohio, W. D.

June 15, 1981.

Robert Manley, Cincinnati, Ohio, Wm. H. Bode, Washington, D. C., for plaintiffs.

Stanley Chesley, Cincinnati, Ohio, Fred W. Drogula, Washington, D. C., for defendant.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon defendant's motion to dismiss Count Five of the complaint to the extent it seeks treble recovery for alleged overcharges in gasoline prices on the ground that the claim is time-barred by the applicable statute of limitations. This motion will be treated as a motion for summary judgment.

The question presented in this case involves the period of limitations to be applied in an action for overcharges in the sale of petroleum products. Neither the Emergency Petroleum Allocation Act nor Section 210 of the Economic Stabilization Act contain a limitation provision. In the absence of a statutory limitation provided by Congress, a federal court will apply the most analogous state statute of limitations. *Ashland Oil Company of California v. Union Oil Company of California*, 567 F.2d 984, 989 (Em.App.1977); *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

Plaintiffs contend that this action consists of a liability created by statute, other than a forfeiture or penalty, and that the six year limitation period provided by § 2305.07 of the Ohio Revised Code is the most appropriate limitation period to be applied in the instant suit.[1] Defendant as-

---

1. Ohio Rev.Code § 2305.11 Time limitations for bringing certain actions. * * * *

An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or

serts that the recovery of treble damages under § 210(b) of the Economic Stabilization Act constitutes a penalty and consequently the one year limitation period of § 2305.11 of the Ohio Revised Code is applicable.[2] We agree with the defendant that the treble damage provision of § 210(b) constitutes a penalty within the meaning of § 2305.11 and that Count Five of plaintiffs' complaint insofar as it seeks the recovery of treble damages is time barred by the applicable statute of limitations.

■ In ascertaining what state statute of limitations should be applied to federally created claims, a federal court will accept the state court interpretations of the state's limitation statute, but the nature of the claims presented will be determined by federal law. *Ashland Oil Company of California v. Union Oil Company of California*, 567 F.2d 984, 991 (Em.App.1977); *Moviecolor, Ltd. v. Eastman Kodak Co.*, 288 F.2d 80, 83 (2d Cir. 1961), *cert. den.* 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961).

A penalty is the punishment, generally pecuniary, inflicted by law for its violation. It has no reference to the actual loss sustained by him who sues for its recovery. *United States v. Witherspoon*, 211 F.2d 858 (6th Cir. 1954). The term penalty is commonly used in the sense of an extraordinary liability to which the law subjects a wrongdoer in favor of the person wronged as distinguished from compensation for the loss suffered by the injured party. *Huntington v. Attrill*, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892).

■ The award of treble damages for violation of the antitrust laws has been held to be in the nature of a penalty. As Judge Learned Hand expressed it in *Lyons v. Westinghouse Electric Corp.*, 222 F.2d 184, 189 (2d Cir. 1955), a treble damage claim

under the Clayton Act,: "The remedy . . . is not solely civil, two-thirds of the recovery is not remedial and inevitably presupposes a punitive purpose." And the Seventh Circuit in *Bigelow v. RKO Pictures, Inc.*, 150 F.2d 877 (7th Cir. 1945), has held that:

> The verdict (in a treble damage action) should represent actual damages sustained, and two-thirds of the judgment is a penalty Congress has seen fit to impose.

Insofar as § 210 of the Economic Stabilization Act grants the recovery of treble damages as a remedy for its breach, it constitutes a penalty within the meaning given to the word by *Lyons, Bigelow* and *Huntington v. Attrill*.

This interpretation is not inconsistent with the law of Ohio. In *Corn Products Refining Company v. The Roser Runkle Company*, 10 Ohio N.P. (N.S.) 596 (1910), a restraint of trade case arising under the Ohio antitrust law, the Valentine Act, the twofold recovery was expressly held not to be compensatory, but to be penal in nature. The Court held that:

> The recovery is not one of compensation or damages. The amount is twofold the damages sustained by him 'injured in his business or property.' This being so, it cannot be said that the defendant's cause of action is 'founded on contract', but rather upon the statute for the collection of a penalty the amount of which is thus fixed. The statute creates the right of action, fixes the amount of recovery and prescribes the remedy by suit to enforce it.

*Foster v. Ankenbauer*, 24 Ohio Dec. 70 (1913), involved an antitrust action against a fire insurance agency under the provisions of the Ohio Antitrust law. The Court found that the award of twofold damages

malpractice, or upon a statute for a penalty or forfeiture, shall be brought within one year after the cause thereof accrued, provided, that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, shall be brought within two years after the cause thereof accrued.

2. Ohio Rev.Code § 2305.07 Contract not in writing.

Except as provided in section 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.

constituted a penalty. The Court held that "... there is a right of action under Gen. Code 6397, which is in the nature of a penalty. In other words, it provides that if anyone violates this statute and someone suffers injury, he is entitled, notwithstanding what the state may do, to damages in double the amount for the injury which he may sustain. That is a penalty...."

In *Cincinnati, Sandusky & Cleveland Railroad Co. v. Cook*, 37 Ohio St. 265 (1881), the Supreme Court of Ohio held that a statute providing that: "anyone who demanded a larger sum of money for the transportation of passengers or property on their railroad than the sum allowed by law shall pay to the aggrieved party for every such overcharge a sum equal to double the amount of such overcharge, but in no case shall the amount to be paid be less than one hundred fifty dollars", constituted a penalty. The Court reasoned that "the minimum sum to be paid for overcharging fare, where the actual damage of the party aggrieved is less than one hundred fifty dollars, is in the nature of a penalty—is punishment rather than compensation." Section 210 of the Economic Stabilization Act is analogous to 71 Ohio L. 146 quoted above. It provides that:

> [I]n any action brought ... against a person renting property or selling goods or services who is found to have overcharged the plaintiff, the Court may, in its discretion, award ... whichever of the following sums is greater: [1] an amount not more than three times the amount of the overcharge upon which the action is based, or [2] not less than $100.00 or more than $1,000.00.

The interpretation we have given § 210, to be penal in nature, is also consistent with the legislative history underlying its promulgation. Senate Report No. 92–507, 92nd Cong., 1st Sess. (1971), U.S.Code Cong. & Admin.News, 2283, indicates that the purpose of the Economic Stabilization Act, as amended, was to provide authority for the President to issue orders and regulations as he may deem appropriate to stabilize prices, rents, wages and salaries at levels not less than those prevailing on May 25, 1970, and to stabilize interest rates, corporate dividends and similar transactions at levels consistent with economic growth. In order to assure compliance with the price and rent regulations § 210 was promulgated in order to "provide a traditional method by which violators of regulations may be discovered and other would-be violators may be deterred. This can be accomplished by authorizing a person suffering a legal wrong to bring a treble damage action against a violator."

The House Report with reference to § 210 stated that: "The committee, in line with the Administration's emphatic request ... to assure compliance with price and rent regulations and orders, adopted this section so that it would serve not only to provide a means to recover losses, but would provide a strong deterrent to those who would willfully violate this act." H.R.Rep.No. 92–714, 92nd Cong., 1st Sess. (1971).

Our holding comports with the most recent interpretation given to § 210 by the Temporary Emergency Court of Appeals in *Ashland Oil of California v. Union Oil Company of California*, 567 F.2d 984 (Em.App. 1977), *cert. denied* 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83 (1978). In that case, plaintiff, Ashland Oil Company of California, filed suit in the United States District Court for the Northern District of California against Union Oil Company of California alleging that Union had charged prices for petroleum products sold to Ashland in excess of those permitted by § 5(a)(1) of the Emergency Petroleum Allocation Act of 1973 as it incorporates § 210 of the Economic Stabilization Act. Union filed a motion to dismiss for failure of the complaint to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). Union's motion was based on the contention that Ashland's action for both actual overcharges and treble damages was barred as a matter of law by the California statute of limitations. The applicable statutes of limitations were almost identical to those in the instant suit. Section 340(1) of the California Code of Civil Procedure prescribes a one

year statute of limitations for "an action upon a statute for penalty or forfeiture." Section 338(1) provides a three year statute of limitations for "an action upon a liability created by statute, other than a penalty or forfeiture."

The Court took into account the nature of the claim as determined by federal law, the state court's interpretation of its statutes of limitations and the Congressional policy in adopting § 210 and concluded that California's one year period of limitation for an action upon a statute for a penalty or forfeiture applied to plaintiff's claim for treble damages. For the foregoing reasons, we are in accord with this determination.

Ordinarily this Court is bound by the determination of the United States Court of Appeals for the Sixth Circuit. In *Englander v. Ford Motor Co.*, 293 F.2d 802 (6th Cir. 1961) that Court held that an action for treble damages under the Sherman and Clayton Antitrust Acts was not in the nature of a penalty. For the reasons set forth herein, however, the determination of the Temporary Emergency Court of Appeals must control.

First, the Supreme Court interpreted the Economic Stabilization Act of 1970 in *Bray v. United States*, 423 U.S. 73, 96 S.Ct. 307, 46 L.Ed.2d 215 (1975) and held that:

As part of the Economic Stabilization Act Amendments of 1971, Congress created the Temporary Emergency Court of Appeals and vested it with 'exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title or under regulations or orders issued thereunder.' § 211(b)(2), 85 Stat. 749. This judicial-review provision was designed to provide speedy resolution of cases brought under the Act and 'to funnel into one court all appeals arising out of the District Courts and thus gain consistency of decision.'

Second, Section 211(b)(2) provides the Temporary Emergency Court of Appeals (TECA) with exclusive jurisdiction of all appeals from the district courts in all cases and controversies arising under the Economic Stabilization Act. The Senate Report indicates that the purposes of this judicial procedure are to insure the "prompt and consistent adjudication of all appeals from the district courts." "The judicial review provision has been written with several important principles in mind: (1) speed and consistency of decision in cases arising under the Act, (2) avoidance of any breaks or stays in the operation of the Stabilization Program, and (3) relief for particular persons aggrieved by the operation of the program." Senate Report No. 92–507, 92nd Cong. 1st Sess. (1971), U.S.Code Cong. & Admin.News, 2292. Just as the District Court is bound by determinations of the Sixth Circuit with respect to questions of law arising in this Circuit, the District Court is bound by determinations of the Temporary Emergency Court of Appeals in matters arising under the Economic Stabilization Act. The TECA has been given exclusive jurisdiction of all appeals in order to form a consistent body of law in this area. This Court is bound by that body of law.

Third, in ascertaining what state statute of limitations should be applied to a federally created claim, a federal court will accept the state court's interpretation of its limitation statute, but the nature of the claim presented is determined by federal law. *Ashland Oil Company of California v. Union Oil Company of California*, 567 F.2d 984, 991 (Em.App.1977); *Moviecolor, Ltd. v. Eastman Kodak Co.*, 288 F.2d 80, 83 (2d Cir. 1961). Federal law is determinative of the nature of the federal cause of action for treble damages created by § 210(b) of the Economic Stabilization Act. And the dispositive interpretation of the nature of a claim arising under the ESA is that given to it by the Temporary Emergency Court of Appeals.

Fourth, the *Englander v. Ford Motors* decision, 293 F.2d 802 (6th Cir. 1961), that an action for treble damages under the Sherman and Clayton antitrust acts is not in the nature of a penalty is inapposite here. First, even if the recovery of treble damages under the antitrust laws is determined to not be in the nature of a penalty,

the recovery of treble damages under the Economic Stabilization Act has been determined to be in the nature of a penalty.

Second, the Court notes in passing that an opinion construing the treble damage provision of § 210(b) of the ESA to be in the nature of a penalty is consistent with two Sixth Circuit opinions other than *Englander.* In *United States v. Witherspoon,* 211 F.2d 858 (6th Cir. 1954) the Sixth Circuit of Appeals held that: "A penalty is the punishment, generally pecuniary, inflicted by law for its violation. It has no reference to the actual loss sustained by him who sues for its recovery." *Id.* at 861. And in *Bowles v. Farmers National Bank,* 147 F.2d 425 (6th Cir. 1945) the Court held that treble damages under the Emergency Price Control Act of 1942 constituted a penalty since it was in excess of the actual loss incurred.

Accordingly, defendant's motion to dismiss all claims for treble damages under Count Five of the complaint which arose from sales of motor gasoline by Ashland to plaintiffs more than one year prior to the filing of the complaint is hereby GRANTED.

IT IS SO ORDERED.