548 F.Supp. 46 (1982)
E. T. SMALL, Julia T. Small, Eric T. Small, Gloria G. Small, Craig T. Small and Teresa F. Small, d/b/a Small's LP Gas Company, Plaintiffs,
v.
SIGNAL LP GAS, INC., Burmah Oil Company, Ltd., Burmah Oil & Gas Company, Burmah LP Gas, Inc., Amtane, Inc., Aminoil USA, Inc., and Aminoil Marketing, Inc., Defendants.
No. S82-20C.
United States District Court, E. D. Missouri, Southeastern Division.
July 23, 1982.
*47 Michael O'N. Barron, Charleston, Mo., for plaintiffs.
Gregory D. Hoffman, Green & Lander, Clayton, Mo., Bracewell & Patterson, Washington, D. C., for defendants.
WANGELIN, District Judge.

MEMORANDUM
This matter is before the Court upon defendants' motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in its favor upon plaintiffs' complaint.
Jurisdiction lies in this Court pursuant to the Credit Control Act, 12 U.S.C. § 1904 note subsection 211(a). Plaintiffs allege defendants violated portions of the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 751 et seq. and the Department of Energy's Mandatory Petroleum Price and Allocation Regulations, 10 C.F.R. Parts 210, 211 and 212.
Plaintiffs are partners in a liquefied petroleum (LP) gas retail business, Small's LP Gas Company, which serves residential, commercial and industrial consumers in the Southern Missouri, Western Kentucky and Southern Illinois areas. Defendants are corporations, their purchasers, transferees and successors, which conduct the refining, production and marketing of petroleum products in the United States. Small's claim is that defendants charged plaintiffs greater prices for LP gas than that allowed by the above cited statutes and regulations. Small seeks compensatory damages, punitive damages, and attorney's fees.
*48 It is the contention of the defendants that no genuine issue of material fact exists regarding plaintiffs' claim being barred by the applicable statutes of limitations, §§ 516.120(2) and 516.130(2) Mo.Rev.Stat. (1978). Defendants also contend that plaintiffs' claim is barred by the doctrine of laches, and that plaintiffs' failure to submit a ninety day demand letter pursuant to 12 U.S.C. § 1904 note subsection 210(b) bars their claim of willful and intentional misconduct. This Court reaches only the first of these contentions.
For a period of one year commencing on or about April 21, 1972, plaintiffs purchased LP gas from defendant Signal LP Gas, Inc. pursuant to a contract between the parties. On March 31, 1973, defendant terminated this agreement but continued to sell its product to plaintiffs on an open account basis. On September 1, 1973 the parties came under the ambit of 15 U.S.C. § 751 et seq., 10 C.F.R. Parts 210-212, and 12 U.S.C. § 1904 note which together prevented plaintiff from purchasing LP gas from sources other than Signal LP Gas, Inc. and prevented both parties from raising the prices they charged their customers.[1] The affidavits filed by the parties indicate that plaintiffs continued to purchase LP gas from defendants through May of 1976 and Small's last payment to defendants was on or about February 15, 1977. Plaintiffs filed this action on February 8, 1982.
In the event that a federal statute does not contain its own statute of limitations, courts look to the applicable state statute of limitations, Runyon v. McCrary, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). "As to actions at law, the silence of Congress has been interpreted to mean that it is a federal policy to adopt the local law of limitation." Holmberg v. Armbrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946). This rule is employed in cases brought under The Emergency Petroleum Allocation Act, Kocolene Oil Corp. v. Ashland Oil Corp., 517 F.Supp. 1029 (S.D.Ohio 1981).
The parties concur that the applicable Missouri statute of limitations is either § 516.120(2) which provides a five year limitations period on:
An action upon a liability created by a statute other than a penalty or forfeiture.
or § 516.130(2) which provides a three year period of limitations in the event of:
An action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state.
Plaintiffs' actual damage claim is governed by § 516.120(2) and punitive damage claim by § 516.130(2) but plaintiffs posit that whichever statute is employed, its running is tolled by § 516.280 Mo.Rev.Stat. (1978):
If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented.
Plaintiffs argue the applicability of this statute based upon defendants' agents continued assertion of the legality of its pricing policies during the period of time which plaintiff bought LP gas from defendants (Affidavit of Eric Small, p. 2). Plaintiffs allege they had no access to defendants' business or financial records and therefore computation of the legal price was impossible. The Smalls claim no knowledge of defendants' illegal activity until April of 1981 when defendants refunded the sum of Sixteen Million Five Hundred Thousand Dollars ($16,500,000) to the Department of Energy under a consent order. Plaintiffs argue this is the date at which plaintiffs first became aware of defendants' illegal activity and therefore the statute of limitations should either run from this date or be tolled until this date. Plaintiffs also argue that defendants' declarations of innocence during the course its business relationship with Smalls and Smalls' own ignorance of defendants' alleged illegal behavior *49 constitute the prevention of the commencement of Smalls' claim pursuant to this statute.[2] Nonetheless, though a state statute of limitations is employed when a federal statute has none, the complimentary principles of accrual and tolling remain the province of federal common law. Cope v. Anderson, 331 U.S. 461, 464, 67 S.Ct. 1340, 1341-1342, 91 L.Ed. 1602 (1946). The Supreme Court has held that when acts causing injuries are fraudulently concealed, the statute of limitations will be tolled until such time that with the application of due diligence plaintiff could have discovered or in fact did discover the injury giving rise to the action. Holmberg v. Armbrecht, supra. While this holding would seem to incorporate the principle and policy behind the Missouri tolling statute and bring such principles within the ambit of federal law, plaintiffs' characterization of defendants' acts as amounting to active or fraudulent concealment of its pricing policies must fail. Maintaining the legality of ones acts, without more, hardly constitutes the active concealment of wrongdoing. Defendants' pricing habits intimately affected plaintiffs' business for an extended period of time. A minimal inquiry into the law which determined the allowable prices, or the public bodies governing such, would have netted plaintiffs an earlier appreciation and possibly exercise of their rights. Plaintiffs cannot suspend their duty of diligent inquiry by maintaining that they were victims of a fraudulent concealment. Plaintiffs have alleged no act committed by any one or all of the defendants which would have in any way prevented the exercise or concealed the existence of the rights of plaintiffs. See Wood v. Carpenter, 101 U.S. 135, 143, 25 L.Ed. 807 (1879); Ashland Oil Co. of California v. Union Oil Co., 567 F.2d 984, 988 (Em.App.1977). Therefore the applicable statute of limitations is not tolled by either the federal principle of concealment recognized in Holmberg or Missouri's tolling statute. As it is indisputable that defendants' last sale of LP gas was prior to February 8, 1979 and this cause was filed on February 8, 1982, plaintiffs' claim for treble damages is barred by the three year period of limitations contained in § 516.130(2) Mo.Rev.Stat. (1978).
The Smalls' only remaining claim is for actual damages provided for by statute. This claim is governed by the five year statute of limitations found in § 516.120(2) Mo.Rev.Stat. (1978). Consequently, the issue arises as to precisely when plaintiffs' cause of action accrued. Eric Small represents that on or about February 15, 1977, Smalls paid defendants for a prior LP gas purchase (Small Affidavit, p. 2). Small argues that the statute begins to run on the date defendants credited plaintiff's account with this final payment of One Hundred and Seven Thousand Dollars ($107,000). The date on this check is December 30, 1976 and defendants' record of cash received indicates receipt of this amount on January 3, 1977. This Court again seeks guidance from the federal and not the state rules governing accrual, and federal law again mitigates against plaintiff's position.
Actions based upon overcharges of statutorily created pricing schemes accrue when the charges become fixed and due, and not when they are paid. Archer v. Airline Pilots Ass'n, 609 F.2d 934 (9th Cir. 1979). Policies behind statutes of limitations would be eroded considerably if, as Small suggests, the running of a period of limitation dated from the time of an act over which plaintiffs have total control (i.e., satisfying the debt). Such an argument cannot be accepted by this Court. Plaintiffs filed this suit on February 8, 1982, and plaintiffs' cause of action accrued prior to February 8, 1977the final sale taking place in May 1976plaintiffs' claim for actual damages also is time barred, Section 516.120(2) Mo. Rev.Stat. (1978).
As the record herein reflects no genuine issue of material fact, and summary judgment *50 is properly granted in cases of claims undisputably barred by the appropriate statute of limitation, Johnson v. GrimSmith Hospital, 453 F.2d 1253 (8th Cir. 1972), defendants' motion for summary judgment will be granted and judgment will be entered for defendants' on plaintiffs' complaint.
It Is So Ordered.
NOTES
[1] Only sellers' cost increases, computed pursuant to a regulatory formulation in 10 C.F.R. Parts 210, 211 and 212, could legitimately be passed on to LP consumers.
[2] The Consent Order provided "3. Execution of the Consent Order constitutes neither an admission by Aminoil nor a finding by DOE that Aminoil has violated any statutes or applicable regulations of the Cost of Living Council, the Federal Energy Office, the Federal Energy Administration, or the Department of Energy."