**WESTERN MOUNTAIN OIL, INC., a Nevada corporation, Plaintiff,**

v.

**GULF OIL CORPORATION, a Pennsylvania corporation, Defendant.**

**Civ. No. R–77–0233 BRT.**

United States District Court, D. Nevada.

April 11, 1983.

Bowen, Swafford & Hoffman, Reno, Nev., and John L. Schwabe, and Neva T. Campbell, Portland, Or., Arthur S. Weissbrodt, U.S. Dept. of Energy, Washington, D.C., for Dept. of Energy.

Michael L. Hickok, Jack D. Fudge, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for Gulf Oil Corp.

B. Mahlon Brown, U.S. Atty., Samuel Coon, Asst. U.S. Atty., Reno, Nev., and Stephanie Lachman Golden, Atty., U.S. Dept. of Justice, Washington, D.C., for United States.

## ORDER GRANTING SUMMARY JUDGMENT

BRUCE R. THOMPSON, District Judge.

On December 15, 1977, Western Mountain Oil, Inc. filed suit against Gulf Oil Corporation under section 210 of the Economic Stabilization Act of 1970, as amended, 12 U.S.C. § 1904 (note), for allegedly charging it prices in excess of those authorized by the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 751, *et seq.* This action is currently before the court on Gulf Oil's motion for summary judgment. In its motion, Gulf Oil contends that Western Mountain's cause of action is barred as a matter of law by the Nevada statute of limitations.

Western Mountain's action embodies two claims: one for compensatory damages and one for treble damages. The claim for compensatory damages is an "action upon a liability created by a statute other than a penalty" and, therefore, is governed by the three year limitation period provided in N.R.S. 11.190 3(a). *See Ashland Oil Co. v. Union Oil Co.,* 567 F.2d 984 (TECA 1977). The claim for treble damages is controlled by the two year limitation period for actions "upon a statute for a penalty or forfeiture" provided in N.R.S. 11.190 4(b). *Id.*

These limitation periods began running on the date that the challenged conduct occurred. *Siegel Oil Co. v. Gulf Oil Co.,* 701 F.2d 149 (TECA 1983); *Shell Oil v. Nelson Oil Co., Inc.,* 627 F.2d 228 (TECA

1980). Here, the complaint alleges that the overcharging began January 1, 1974. All the requirements for the accrual of the cause of action had been met on that date. The complaint, however, was filed more than three years after January 1, 1974. Therefore, the action is now barred.

■ Western Mountain attempts to avoid the bar by arguing that the limitation period was tolled. It is contended that the limitation period was tolled because Western Mountain's reliance on Gulf Oil's representation that its pricing practices had been approved by the Federal Energy Office prevented or discouraged Western Mountain from discovering that it was being overcharged. Consequently, Western Mountain concludes that the limitation period did not commence running until January 1977 when it discovered the overcharges.

To succeed on this claim Western Mountain must establish more than just wrongful conduct on the part of Gulf Oil. Western Mountain must also demonstrate that the wrongful conduct resulted in the successful concealment of the operative facts forming the basis of the cause of action and that these facts were not discovered despite the exercise of due diligence. *Ashland Oil Co. v. Union Oil Co.*, 567 F.2d at 988; *accord King & King Enterprises v. Champlin Petroleum Co.*, 657 F.2d 1147 (10th Cir.1981); *Charlotte Telecasters, Inc. v. Jefferson-Pilot Corp.*, 546 F.2d 570 (4th Cir.1976). Neither of these elements is established in the present case.

Even though Gulf Oil may arguably have acted wrongfully, its conduct will only toll the limitation period if operative facts were concealed. *Howard v. Sun Oil Co.*, 404 F.2d 596 (5th Cir.1968). Here, the misrepresentation did not result in the concealment of any operative facts. All the facts regarding Gulf Oil's pricing practices were disclosed from the very beginning. *See Fleetwing Corp. v. Mobil Oil Co.*, No. 80–1147 Civ. T–K (M.D.Fla. Feb. 25, 1983) (court rejected fraudulent concealment claim where the defendant informed the plaintiff of its pricing practices upon plaintiff's first request). All that was left to be discovered by Western Mountain was that these facts created a cause of action. This, however, is not sufficient to toll the limitation period. *Howard v. Sun Oil Co.*, 404 F.2d at 600–601.

Furthermore, even wrongfully concealed facts will not toll the limitation period where the exercise of due diligence would have revealed them. Here, a minimal inquiry by Western Mountain would have revealed that Gulf Oil's pricing method had not been approved and that the prices being charged were in excess of those allowed. Its failure to do this evidences a lack of due diligence. Faced with a similar contention the court in *Small v. Signal LP Gas Inc.*, 548 F.Supp. 46 (E.D.Mo.1982) stated:

> Maintaining the legality of ones acts, without more, hardly constitutes the active concealment of wrongdoing. Defendants' pricing habits intimately affected plaintiffs' business for an extended period of time. A minimal inquiry into the law which determined the allowable prices, or the public bodies governing such, would have netted plaintiffs an earlier appreciation and possibly exercise of their rights. Plaintiffs cannot suspend their duty of diligent inquiry by maintaining that they were victims of a fraudulent concealment. Plaintiffs have alleged no act committed by any one or all of the defendants which would have in any way prevented the exercise or concealed the existence of the rights of plaintiffs.

*Id.* at 49. This rationale is equally applicable to the present case. Therefore, the statute of limitations is not tolled.

No genuine issue of material fact remains regarding the statute of limitations issue. The cause of action accrued on January 1, 1974. The complaint, however, was not filed until December 15, 1977. This was not within the limitation periods provided by subsections 3(a) and 4(b) of N.R.S. § 11.190. Therefore, summary judgment in favor of Gulf Oil and against Western Mountain should be entered.

Accordingly,

IT HEREBY IS ORDERED that the motion for summary judgment is granted with the force and effect that the action entitled above is hereby dismissed with prejudice.